### HUGHES MOTOR CO. et al. v. THOMAS et al.

No. 21941.  Opinion Filed May 5, 1931.

Cheek & McRill, for petitioners.

Fred Hammer, J. M. Siler, and M. J. Parmenter, for respondents.

HEFNER, J.  This is an original proceeding in which the petitioners seek to have this court review an award of the Industrial Commission n favor of the respondent Ed Thomas, who was the claimant before the Commission. The Commission found that the claimant sustained an accidental injury while in the employ of the respondent, Hughes Motor Company, by being struck in the eyes with a piece of battery corrode and as a result claimant sustained a total permanent partial loss of vision of both eyes, 80 per cent. in the right and 16 per cent. in the left.

The petitioners contend that the claimant had a defective vision due to an inherent condition which existed from the time of his birth, and that this defect of vision existing prior to the date of the alleged accident does not entitle him to recover compensation therefor.

The record discloses that on February 3, 1930, a stipulation was filed and receipt signed by the claimant which showed that compensation had been paid for temporary total disability from December 9, 1929, to December 15, 1929, on which date the claim-

ant returned to work. Upon this agreement the Commission found the facts in favor of the claimant and made an award for his temporary total disability. This finding of the Commission was not appealed from, and it became final, and was binding upon both the petitioners and the claimant. The petitioners could not thereafter show that the accident did not occur within the course of the employment of the claimant, nor that it did not come within the terms of the Industrial Act.

The award also fixed the status of the claimant at the time of the hearing, that is to say, it was found that he had received a temporary total disability. This award was binding upon him unless it was set aside by the Commission or appealed from within the 30-day period, and this was not done.

Thereafter the claimant filed a motion to reopen the case and claimed that he was permanently disabled. If his condition had grown worse since the first award was made, the Commission, of course, on this change of condition, had jurisdiction to hear and determine the same and make an award in accordance with the facts at the time the same was heard, because when an employee is paid for temporary total disability and signs a stipulation and receipt and an award is made thereon for temporary total disability and it later develops that he has a permanent disability, then he is entitled to an additional award under section 7296, C. O. S. 1921.

The petitioners contend that the claimant is not entitled to compensation because he has failed to show a change of condition. The award and stipulation and receipt was made on the theory that the disability was only temporary. At the later hearing it appeared to the Commission that the disability was permanent. The petitioners say that there is no evidence to support the finding of the Commission that the claimant's condition is permanent and that it was due to the injury which he received. The burden is on the claimant to show that his condition is permanent and that it is due to the injury which he received. On the motion to reopen it was not necessary for him to prove that the injury was received while in the course of his employment and that it came within the Industrial Act. These questions were settled in the former hearing, and he

does not now have to offer proof on them. He does, however, have to offer proof on the question as to his changed condition and that the changed condition is due to the original injury. This he did do, and after an examination of the record we cannot say there was no evidence to support the finding of the Commission that his injury at the time of the hearing was permanent and that this condition had resulted from the original accident.

A portion of the order of the Commission is as follows:

"The Commission is of the opinion: That under section 7290, paragraph 1, C. O. S. 1921, as amended by the Session Laws of 1923, the loss of both eyes constitutes permanent total disability, for which compensation is provided under the law, for a period of 500 weeks. That under section 7290, subsection 3, for percentage loss of use or sight of an eye, is provided for by that portion of the number of weeks as provided for in the schedule for the loss of a member or sight of any eye which the partial loss of use thereof bears to the total loss of use of such member or sight of an eye. That 80 per cent. loss of vision of the right eye and 16 per cent. loss of vision of the left eye would be equivalent to 48 per cent. loss of both eyes, and that claimant is entitled, under the law, to compensation at the rate of $16.66 per week, for a period of 240 weeks, in the total sum of $3,998.40."

Here the Commission finds that 80 per cent. loss of one eye and 16 per cent. loss of the other eye entitled claimant to 48 per cent. total disability. The 80 per cent. loss in one eye plus the 16 per cent. loss in the other eye total 96, and the amount divided by two makes a 48 per cent. loss. We think this award of the Commission is in accordance with the former opinions of this court. Maryland Gas. Co. v. State Ind. Commission, 139 Okla. 302, 282 Pac. 293; Capitol Drilling Co. v. Cole, 143 Okla. 279, 288 Pac. 473; City of Oklahoma City v. State Industrial Commission, No. 21531, decided March 3, 1931, 147 Okla. 261, 298 Pac. 577.

When the entire record is considered, we think the Commission was justified in entering its order, and the petition to vacate the same is denied.

RILEY, CULLISON, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. LESTER, C. J., and CLARK, V. C. J., absent.