## SKELLY OIL CO. v. DANIEL et al.

No. 22496. Opinion Filed Jan. 19, 1932.

W. P. Z. German, Alvin F. Molony, Robert M. Turpin, and Geo. W. Cunningham, for petitioner.

Fred M. Hammer and M. J. Parmenter, for respondents.

McNEILL, J. This is an original action to review an award of the State Industrial Commission rendered on the 21st day of May 1931, wherein petitioner was ordered to pay to respondent, Harold Daniel, $158 as compensation on account of alleged errors in figuring compensation theretofore paid to respondent. The respondent sustained an injury while in the course of his employment with the petitioner, Skelly Oil Company, which resulted in the amputation of four fingers on his left hand. The accident occurred on January 22, 1929, and petitioner commenced the payment of compensation and continued making payments thereof until April 11, 1929, on which date respondent and petitioner entered into a stipulation which was filed with the Commission on April 12, 1929, wherein it was agreed that respondent's rate of compensation was $16.42; that the average weekly wages amounted to $25.62; that the disability was partial permanent; and that petitioner paid respondent the sum of $1,642, being compensation for 100 weeks at the rate of $16.42 per week. The stipulation and receipt was stamped "approved" by the Commission, and on the bottom of same appears the notation "closed."

On February 28, 1931, respondent filed a motion with the Commission wherein he requested that his case be set down for hearing. Respondent admitted therein that he was paid compensation at the rate of $16.42 per week for 100 weeks, but contended that he was entitled to compensation at the rate of $18 per week for 100 weeks, or a total of $1,800, instead of at the rate of $16.42 per week for said 100-week period, or a total of $1,642, and that petitioner miscalculated the rate of compensation, and that by reason thereof asks the Commission to issue a corrected order allowing respondent the difference between what he was paid and what he is entitled to at the salary be was earning at the time he was injured.

This matter came on for hearing on April 29, 1931, and petitioner specifically denied that claimant was entitled to compensation at the rate of $18 per week. Petitioner further sets up the former award of the Commission as a defense to said motion, alleging that the original award had become final as to the rate of compensation payable to respondent, and that the Commission was without authority to enter the award by reason of there being no change of condition.

As we view this record it is unnecessary to enter into a discussion concerning the average weekly wage and the subdivision under section 7289 applicable in this case. The record indicates that no formal award was made after the approval of the stipulation and receipt. Under section 7294, C. O. S. 1921, if the employer and injured employee reach an agreement as to the facts with relation to an injury for which compensation is claimed, signed by both employer and employee and filed with the Commission, the same, if approved by the Commission, shall in the absence of fraud be deemed binding upon the parties thereto. The stipulation and receipt was filed with the Commission on April 12, 1929, and under the ruling announced in the case of Marland Production Co. v. Hogan, 146 Okla. 220, 294 P. 115, this court held therein, where such receipt was executed and filed with the Commission in the absence of notice of the Commission's disapproval within five days after the filing of the stipulation and receipt, the same shall be considered as approved, and that the facts relating to the injury and the compensation claimed, in the absence of fraud, shall be binding on the parties.

In the instant case there is no contention that there was any fraud practiced upon the respondent in obtaining the stipulation and receipt. No provision is made under the provisions of the Workmen's Compensation Law for setting aside approved settlements

on agreed statement of facts on the ground of mistake. The same is limited to cases where fraud has been practiced upon the injured employee in obtaining the stipulation and receipt, and on the ground of change of condition. The award entered upon the stipulation and receipt was not appealed from, and the same became final when it was not set aside by the Commission or appealed from within the 30-day period as provided for under section 7297, O. O. S. 1921, as amended by section 8, ch. 61, of the Session Laws of 1923, which provides as follows:

"The award or decision of the Commission shall be final and conclusive upon all questions within its jurisdiction between the parties unless within 30 days after a copy of such award or decision has been sent by said Commission to the parties affected, an action is commenced in the Supreme Court to review such award or decision."

See, also, Hughes Motor Co. v. Thomas, 149 Okla. 16, 299 P. 176.

There is no change of condition herein presented for review. The award of April 29, 1931, is vacated and set aside.

LESTER, C. J., CLARK, V. C. J., and RILEY, HEFNER, CULLISON, ANDREWS, SWINDALL, and KORNEGAY, JJ., concur.