## PINKSTON HARDWARE CO. et al. v. HART.

No. 23397. Opinion Filed June 28, 1932.

Rehearing Denied July 27, 1932.

Randolph, Haver, Shirk & Bridges, for petitioners.

A. P. Murrah, Luther Bohanon, and M. F. Boddie, for respondents.

McNEILL, J. This is an original action to review an order and award of the State Industrial Commission made on February 2, 1932. On November 18, 1930, the Commission approved a stipulation and receipt showing that the respondent had been paid compensation for temporary total disability and hospital expenses. Thereafter, on June 25, 1931, respondent and petitioner filed with the State Industrial Commission a certain agreement with the Commission for payment of further compensation and the Commission thereafter made its order approving the same and ordering that the cause be subject to the continuing jurisdiction of the Commission on a change of condition. This order was never appealed from and became final.

On October 15, 1931, respondent filed his motion to reopen the case and award further compensation on the ground of a change of condition occurring subsequent to the ap-proval of the last agreement, and the Commission made its award which petitioners seek to have this court to review. The sole question presented in this case is whether or not petitioners can now question the jurisdiction of the Commission to require petitioners to pay the award of February 2, 1932, on the ground that the injury was not compensable and that it did not come within the Workmen's Compensation Law. This contention of petitioners cannot at this time be raised. When the Commission approved the stipulation and receipt filed with it and neither party appealed therefrom within the 30-day period provided by the Workmen's Compensation Law, the same became binding, final, and conclusive upon the parties. Hughes Motor Co. v. Thomas, 149 Okla. 16, 299 P. 176; Skelly Oil Co. v. Daniel, 154 Okla. 199, 7 P. (2d) 155.

Award affirmed.

RILEY, HEFNER, CULLISON, SWINDALL, ANDREWS, and KORNEGAY, JJ., concur. LESTER, C. J., and CLARK, V. C. J., absent.

Note.—See under (1) 28 R. C. L. 828; R. C. L. Perm. Supp. pp. 6246, 6247.