## SWIFT & CO. et al. v. HURLEY.

No. 23374. Opinion Filed Sept. 20, 1932.

Potter & Potter, for petitioners.

E. W. Schenk, for respondent.

McNEILL, J. This is an original proceeding to review an award of the State Industrial Commission entered January 25, 1932, on the application of the respondent for further compensation on the ground of change of condition. The respondent suffered a compensable injury while working for Swift & Company, petitioner, on April 20, 1931, by slipping and falling on a wet cement floor. The nature of her injury was "oblique fracture at end of left radius just 2 inches proximal of the styloid process. No displacement; also sprain and trauma of left forearm." Stipulation and receipt were filed with the Industrial Commission on May 18, 1931, on form 7-7M, which recites in part that the extent of disability was temporary; average weekly wages $1.10; rate of compensation $8 per week; total paid employee $17.33; period of disability 2 weeks and 1 day; acknowledgment of receipt of $9.33, making in all with weekly payments already received the total sum of $17.33 on account of disability resulting from injury sustained by respondent. This instrument was filed with the Commission on May 18, 1931. On May 20, 1931, the Commission approved said stipulation and receipt, and in its order of approval finds:

"That claimant was injured April 20, 1931; that disability ended May 11, 1931, and that claimant received compensation for temporary total disability to May 11, 1931, at the rate of $8 per week for said period of two weeks and 1 day, based on a wage of $1.10 per day.

"And further finds claimant has received compensation at said rate for a period of two weeks and one day in the total amount of $17.33."

Thereupon the Commission wrote upon said form 7 the word "closed."

On July 8, 1931, respondent filed a motion to reopen on the ground of change of condition. The case was set for hearing on December 2, 1931, and continued for further hearing on January 8, 1932. At the close of the hearing on January 25, 1932, the Commission entered its order of January 25, 1932, which petitioners seek to have this court review.

This order and award finds, in part, that respondent sustained a change of condition since the approval of said stipulation and receipt; was wholly incapacitated from the performance of manual labor; was in need of further medical treatment by reason of said temporary total disability; that respondent was entitled to 28 weeks' and four days' compensation at the rate of $8 per week, or the sum of $229.33, on account of temporary total disability computed from July 8, 1931, to January 23, 1932, and the same should be continued at the rate of $8 per week until the further order of the Commission, and to tender respondent such medical treatment as may be necessary. Petitioners urge that the Commission allowed respondent more than her average weekly wages at the time of her injury, contrary to the 5th subdivision of section 7290, C. O. S. 1921.

The order of January 25, 1932, recites: "that the average daily wage of the claimant was $1.10 per day at the time of said accidental injury."

Petitioners stress the fact that, notwithstanding the full weekly wages were $6.60,

the Commission has ordered the petitioner to pay the sum of $8 per week for 28 weeks and four days, and to continue to make payments at the rate of $8 per week until the further order of the Commission.

The stipulation and receipt filed with the Commission shows that petitioners settled the temporary disability at the time on the basis of $8 per week when they made payment to respondent in the sum of $17.33. This was subject to modification on a change of condition. The award of January 25, 1932, was based on change of condition. The only question the Commission had jurisdiction to determine on the motion to reopen on the change of condition was whether or not there was a change of condition attributable to the original injury subsequent to the award, or approval of the stipulation and receipt filed with the Commission. The Commission was limited at such hearing to this issue. See Marland Production Co. v. Hogan, 146 Okla. 220, 294 P. 115; Bedford Carthage Stone Co. v. Industrial Commission, 119 Okla. 231, 249 P. 706; Skelly Oil Co. v. Daniel, 154 Okla. 199. 7 P. (2d) 155; Pinkston Hardware Co. v. Hart, 159 Okla. 6, 12 P. (2d) 681.

No appeal was ever taken from the approval of the stipulation and receipt filed in the instant case within the 30-day period under the provisions of the Workmen's Compensation Law and the same became final, binding and conclusive upon the parties in the absence of fraud. The Commission was without jurisdiction thereafter to enter another order which in any way attempted to correct alleged miscalculation, if any, in the former award. Skelly Oil Co. v. Daniel, supra. Suffice it to say there is evidence in the record to justify the Commission in finding that there was a change in condition.

Award affirmed.

LESTER, C. J., CLARK, V. C. J., and RILEY, HEFNER, CULLISON, SWINDALL, and KORNEGAY, JJ., concur. ANDREWS, J., absent.

Note.—See under (2) 28 R. C. L. 823; R. C. L. Perm. Supp. pp. 6246, 6247.