### J. B. HERD HARDWARE CO. et al. v. KIRBY et al.

No. 23361. Opinion Filed Oct. 25, 1932.

Randolph, Haver, Skirk & Bridges, for petitioners.

C. C. Hatchett, for respondents.

McNEILL, J. This is a proceeding to review order and award of the State Industrial Commission made and entered on January 13, 1932. It appears that the injured employee, on June 4, 1931, injured his foot in setting up a binder for petitioner J. B. Herd Hardware Company. On June 9, 1931, there was filed with the Commisson employer's first notice of injury. On July 7, 1931, there was filed with the Commission employer's supplemental report of injury, which shows that respondent was unable to work, and that in the opinion of the doctor it might be 30 days before he could go to work. On July 24, 1931, there was filed with the Commission, on form No. 6, report of initial payment of compensation, signed by the Travelers Insurance Company, insurance carrier, which report was addressed to the Commission, stating that compensation was started on June 9, 1931; that the date of the injury was June 4, 1931; the amount of first payment was $15.39 from 6-9-1931 to 6-16-31; that the average weekly wage was $23.08; the weekly rate of compensation $15.39; and under remarks it is said: "First Comp. 6-15-31." On July 29, 1931, there was filed with the Commission attending physician's report, which shows that the employee "is still suffering from the injury and limps in his walk." On July 30, 1931, the employee's first notice of injury and claim for compensation was filed. On September 28, 1931, there was filed with the Commission on behalf of petitioners a motion to suspend payment of compensation, which alleges:

"That the claimant in this case was injured while in the regular course of his employment with respondent on or about June 4, 1931.

"That claimant's average weekly wage at the time of said accident was $23.08 and compensation rate $15.39 per week.

"That claimant was able to resume work on September 8, 1931, and compensation has been paid him to that date in the total amount of $200.07."

Petitioners prayed that compensation payments be suspended as of September 8, 1931, on which date they alleged that said claimant was able to resume work. A hearing was had on said motion on December 4, 1931. At said hearing counsel for petitioners interposed the following:

"By Mr. Voth: Comes now respondent and insurance company and asks the court to dismiss this case on the grounds that they have no jurisdiction, for the reason that at the time this claimant sustained this injury he was not engaged in a hazardous occupation as defined by section 7283 of the Compensation Act of the state of Oklahoma."

The court heard the testimony and entered its order and award finding that respondent, on June 4, 1931, was in the employment of J. B. Herd Hardware Company

and engaged in hazardous occupation subject to and covered by the provisions of the Workmen's Compensation Law, and that, on said date, he sustained an accidental injury arising out of and in the course of his employment by receiving a severe injury to his right foot; that said respondent was temporarily totally disabled from the performance of ordinary manual labor from June 4, 1931, to November 5, 1931; that respondent was paid compensation at the rate of $15.39 per week, in the total sum of $200.07, and that by reason of said accidental injury respondent had sustained a 25 per cent. permanent partial disability to his right foot. It is from this order that petitioners seek a review in this court.

It is to be observed that in this case the insurance carrier filed its report with the Commission of initial payment of compensation, and the attending physician's report. Petitioners also filed a motion to suspend payment of compensation, and at this hearing for the first time presented their motion to dismiss on the ground that the Commission had no jurisdiction because the injured employee was not at the time he sustained his injury engaged in a hazardous occupation as defined by section 7283, C. O. S. 1921.

The serious question presented in this case is in reference to said motion of dismissal. As we view this record, it was a proper motion for the consideration of the Commission at the time it was presented. The reports referred to which were filed with the Commission on behalf of petitioners would not preclude them in the instant case from presenting this jurisdictional question. Respondent, as shown by the record, was working for the J. B. Herd Hardware Company, which was engaged in the retail hardware business. The industry of retail hardware is not listed as one of the employments included within the Workmen's Compensation Law in section 7283, C. O. S. 1921. Not being included in this list of employments, there is no presumption of law that an employee who sustains an accidental personal injury not enumerated under section 7283, supra, comes within the provisions of the Workmen's Compensation Law. Under such circumstances, it is incumbent upon the injured employee to show that the facts and circumstances bring his employment within the meaning of the Workmen's Compensation Law. By this, however, we do not intend to infer that the employer and insurance carrier, after invoking the jurisdiction of the Commission

in a case where the employment is specifically scheduled as hazardous under the Workmen's Compensation Law, can thereafter question the jurisdictional facts which have become final when once determined by the Commission. See Hughes Motor Co. v. Thomas, 149 Okla. 16, 299 P. 176. An examination of the record in the instant case shows that respondent was not engaged in a hazardous employment within the meaning of the Workmen's Compensation Law.

The award is vacated and set aside, and the cause is reversed and remanded to the Commission, with directions to dismiss the claim of respondent.

RILEY, CULLISON, SWINDALL, ANDREWS, and KORNEGAY, JJ., concur. HEFNER, J., concurs in conclusion. CLARK, V. C. J., dissents. LESTER, C. J., absent.