## SWANDA BROS. et al. v. JOHNSON et al.

No. 23289. Opinion Filed Dec. 6, 1932.

Hal Crouch and P. N. Landa, for petitioners.

Duncan & De Parade, for respondents.

HEFNER, J. This is an original proceeding in this court by Swanda Brothers and the Associated Indemnity Company to review an order of the State Industrial Commission awarding compensation to Arthur Johnson.

Claimant alleges that he sustained an injury on November 13, 1930, while in the employ of petitioners Swanda Brothers. It appears that a settlement was entered into between petitioners and claimant whereby petitioners agreed to settle with claimant for the sum of $161.56. This settlement was approved by the Commission February 16, 1931, and in entering its order of approval, the Commission made the following finding:

"The Commission finds that this claimant received an accidental personal injury on or about November 13, 1930; that he was discharged by the attending physician and surgeon on February 2, 1931, as able to return to work; that the injury was precipitated and aggravated by a venereal infection; that the claimant suffered from what is commonly known as epididymis, is not the result of injuries sustained on or about November 13, 1930."

On May 1, 1931, claimant filed a motion to reopen the cause on the ground of change of condition and prayed that he be awarded additional compensation. A hearing on this motion was concluded by the Commission December 17, 1931, and it found that on November 13, 1930, claimant, while in the employ of petitioner Swanda Brothers, sustained an injury in the nature of an epididymis arising out of and in the course of his employment; that by reason of change in condition since the prior order of the Commission entered February 16, 1931, claimant's earning capacity was decreased from $3.17 to $1.07 per day and, in accordance with such finding, awarded him additional compensation at the rate of $8.08 per week for a period not to exceed 300 weeks.

Petitioners contend that the Commission was without jurisdiction to enter the award for the reason that in its order of February 16, 1931, it found that the disease from which plaintiff was then suffering was not due to the original injury, and that it had no authority, on an application to reopen the case on account of change in condition of claimant, to change or set aside its former order and enter a new one, finding that such condition was due to the original injury. With this contention we agree.

In the case of Skelly Oil Co. v. Daniel, 154 Okla. 199, 7 P. (2d) 155, this court said:

"An award based upon a stipulation and receipt filed with the Commission in the absence of a change in condition becomes final and conclusive upon all questions within its jurisdiction between the parties unless within 30 days after the copy of such award or decision has been sent by such Commission to the parties affected, an action has been commenced in the Supreme Court of the state to review such an award or decision,

and the Commission is without authority to enter another award based thereon by reason of an alleged miscalculation in the former award."

In the case of Hughes Motor Co. v. Thomas, 149 Okla. 16, 299 P. 176, it is said:

"The record discloses that on February 3, 1930, a stipulation was filed and receipt signed by the claimant which showed that compensation had been paid for temporary total disability from December 9, 1929, to December 15, 1929, on which date the claimant returned to work. Upon this agreement the Commission found the facts in favor of the claimant and made an award for his temporary total disability. This finding of the Commission was not appealed from, and it became final and was binding upon both the petitioners and the claimant. The petitioners could not thereafter show that the accident did not occur within the course of the employment of the claimant, * * * nor that it did not come within the terms of the Industrial Act."

Under these authorities, the Industrial Commission was without authority or jurisdiction to modify or set aside its finding of February 16, 1931.

It is contended by the respondent that there was in fact no such hearing had as appears from the above order. The record discloses the order and we cannot ignore it; so long as it is in the record, we are bound by it. The petitioners state that the order is final and conclusive and no evidence could be heard by the Commission to change or correct these findings, except evidence that the order was obtained by fraud, and that no such contention was made by the claimant. The respondent agrees that no allegation was made in the motion to reopen on the ground of fraud, and presented no testimony for that specific purpose; that the right to reopen this cause on the ground of fraud was purposely reserved.

The authorities hereinbefore cited are binding on us. The question of fraud is neither raised nor determined herein. The order is vacated, and the cause remanded for further proceedings not inconsistent with the views herein expressed.

CULLISON, SWINDALL, and ANDREWS, JJ., concur. KORNEGAY, J., concurs in the conclusion. CLARK, V. C. J., and McNEILL, J., dissent. RILEY, J., not participating. LESTER, C. J., absent.