## GREAT ATLANTIC & PACIFIC TEA CO. v. McHAN et al.

No. 23683. Opion Filed Jan. 31, 1933.

Chas. L. Yancey, G. C. Spillers, Henry L. Fist, Donald L. Brown, and E. M. Calkin, for petitioner.

J. Berry King, Atty. Gen., and Mayer S. King, for respondents.

WELCH, J. The only question to be decided in this case is whether or not the State Industrial Commission had jurisdiction to make an award in favor of the respondent, Glen McHan.

The petitioners herein contend that said Commission had no such jurisdiction, and urge the proposition that a grocery clerk in a retail grocery store is not engaged in hazardous employment within the meaning of the Workmen's Compensation Act of Oklahoma.

The respondents urge that the State Industrial Commission acquired jurisdiction of the subject-matter by reason of the fact that on August 20, 1930, the respondent, Glen McHan, and petitioner filed with the State Industrial Commission a "stipulation and receipt," form No. 7, and that at the same time filed a release on form No. 5028 executed by Glen McHan, and argued this point upon the proposition, "Can the jurisdiction of the Industrial Commission be questioned on a hearing to determine the extent of permanent partial disability, on the ground that the injury was not compensable, and that it did not come within the Workmen's Compensation Act, when a release foreclosing claimant from a common-law remedy, and also a stipula-

tion, and receipt for temporary total disability has been filed with the Industrial Commission, the stipulation and receipt approved by the Industrial Commission, and same not appealed from within 30 days?" and cited in support of such contention, Pinkston Hardware Co. v. Hart, 160 Okla. 6, 12 P. (2d) 681; Hughes Motor Co. v. Thomas, 149 Okla. 16, 299 P. 176; Skelly Oil Co. v. Daniels, 154 Okla. 199, 7 P. (2d) 155.

The record in this case discloses that the "stipulation and receipt" and the release as above set out were filed on August 20, 1930; that on August 25, 1930, form No. 3, "employee's first notice of injury and claim for compensation" was filed with the said Commission. The stipulation and receipt filed nowhere purported to show a state of facts bringing the employment within the hazardous employments enumerated in the act. No action whatever was taken thereon by the Commission at that time, nor for more than 18 months thereafter, except the mere filing of the papers. No order whatever was made. The next instrument filed with the Commission is a "notice of hearing" filed March 30, 1932, wherein all parties are notified that the claim would be heard April 12, 1932. On April 12, 1932, the cause was by the Commission ordered passed to April 26, 1932, on which last-named date the Commission completed its hearing on the claim and entered its order of award in favor of the respondent, McHan, to review which order this proceeding is filed in this court.

We cannot agree with respondent's contention that the cases cited sustain his position on the proposition which he urges. In Hughes Motor Co. v. Thomas, supra, the facts bring the branch of the business under the act, and the business of Skelly Oil Company comes under the act. The holdings of this court in the cases cited are to the general effect that when an agreed statement of facts and a stipulation and receipt are filed with the Commission, showing the business or branch of the business comes under the act, and same is thereafter approved by the Commission, and an order of award made in connection therewith, from which order no appeal is taken within the 30 day period provided by the Workmen's Compensation Law, same becomes binding upon the parties, and the parties thereto cannot thereafter question the jurisdiction of the Commission, nor show that the disability of the employee did

not come within the terms of the Workmen's Compensation Law.

Such is not the condition in the case at bar. It is true a "stipulation and receipt" and a release were filed with the Commission, and a few days thereafter the claimant filed "employee's first notice and claim for compensation," but there was no showing of an employment coming within the provisions of the act, and the record fails to disclose that the State Industrial Commission took any official action whatever in connection with the claim until March 30, 1932, at which time notice of hearing was given, and a hearing was had thereon on the 26th day of April, 1932. This hearing resulted in the order of award made in favor of the respondent, McHan, which is the order and award now before this court for review.

The mere filing with the State Industrial Commission of a stipulation and receipt, together with a release signed by an employee, does not within itself operate to confer jurisdiction of the subject-matter upon the State Industrial Commission.

Having concluded in this case that the acts of the parties had not precluded petitioner from attacking the jurisdiction of the Commission, we shall now inquire into petitioner's second proposition, wherein it urges that a grocery clerk in a retail grocery store is not engaged in a hazardous occupation within the meaning of the Workmen's Compensation Act of Oklahoma. Respondents in their brief appear to rely almost wholly upon their proposition as above stated, that is, that petitioner herein was estopped to deny jurisdiction of the Commission, but, inasmuch as we do not agree with this contention, we have felt it necessary to inquire into the jurisdictional phase of the matter from an examination of the whole record.

The evidence is undisputed that at the time of the injury to McHan, to wit, July 18, 1930, he was employed by the Great Atlantic & Pacific Tea Company in its store on West 16th street in Oklahoma City; that said company was engaged only in the business of operating a retail grocery store; that McHan's sole duties were the handling and selling of groceries and vegetables; that there was operated within said store a butcher shop; that there was an electrically driven meat grinder in the butcher shop and an electrically driven coffee grinder in the store; that there was no ma-

chinery in the building other than that; that McHan never worked around or with the meat grinder in the butcher shop, but that nearly all of the employees worked around the coffee grinder; that McHan sustained the injury for which the claim is filed by reason of a door of an ice box within the establishment closing against and striking him.

In the case of Southwestern Grocery Co. v. State Industrial Commission, 85 Okla. 248, 205 P. 929, this court considered this identical question under a set of facts almost identical with the case at bar. In that case the employer operated a meat market and maintained therein an electric sausage grinder, for use when occasion arose, but this court said that did not render the entire store a workshop. This court held in that case that the State Industrial Commission was without jurisdiction to entertain the claim of the respondent, pointing out that the Workmen's Compensation Act of this state provides that compensation shall be payable for injuries sustained by employees engaged in the hazardous employments therein enumerated, and pointing out further that said act defines hazardous employment as

"All manual or mechanical work, or labor, connected with or incident to one of the industries, plants, factories, lines, occupations or trades mentioned in section 2 of the act."

In Gypsy Oil Co. v. Keys, 147 Okla. 148, 295 P. 612, we held that:

"Section 7283, C. O. S. 1921, as amended by section 1, chapter 61, S. L. 1923, enumerates and designates the classes of industries and business enterprises which come within the meaning of the Workmen's Compensation Law."

Section 7284, C. O. S. 1921, as amended by chapter 61, S. L. 1923, defines "hazardous employment" within the meaning of such law. The operation of a retail grocery store is not included in such designation of industries and business enterprises, and from a consideration of the Workmen's Compensation Act, and its amendments, and from the construction already given same by this court, we conclude that the employment of McHan by the Great Atlantic & Pacific Tea Company, under the facts herein, is not a hazardous employment within the meaning of the Workmen's Compensation Act of Oklahoma.

The award and judgment of the State Industrial Commission is therefore vacated and set aside, with directions to dismiss the claim for want of jurisdiction.

RILEY, C. J., CULLISON, V. C. J., and SWINDALL, ANDREWS, McNEILL, OSBORN, and BAYLESS, JJ., concur. BUSBY, J., absent and not participating.