**SPIVEY & McGILL et al. v. NIXON et al.**

No. 23566. Opinion Filed May 9, 1933.

Randolph, Haver, Shirk & Bridges, for petitioners.

Fred M. Hammer, M. J. Parmenter, and J. Berry King, Atty. Gen., for respondents.

ANDREWS, J. This is an original proceeding in this court by Spivey & McGill and the Travelers Insurance Company to review an order of the State Industrial Commission awarding compensation to Press Nixon.

The record shows that the petitioner Spivey & McGill was engaged in the furniture business in Oklahoma, and that the claimant, on February 23, 1931, while engaged in unloading and delivering furniture, received an injury to his ankle. A stipulation of settlement was entered into between the parties, whereby the claimant agreed to accept $33.34 as compensation in full for temporary total disability. The settlement was approved by the Commission on March 24, 1931. Thereafter, and in December, 1931, the claimant filed his motion to reopen the case and for additional compensation because of a change in his condition. A hearing was had on the motion, and at the conclusion thereof the Commission found that the claimant had received an injury, as alleged, while in the employment of the petitioner Spivey & McGill, who was engaged in the wholesale and retail furniture business; that there had been a change in condition of the claimant for the worse since the prior award, and that he had sustained a 20 per cent. permanent partial loss of the use of his left leg, and awarded him additional compensation in the sum of $461.70.

The petitioners contend that the evidence is insufficient to sustain the finding that Spivey & McGill was engaged in the wholesale furniture business at the time the claimant received his injury; that the evidence is conclusive that it was at that time engaged in the retail furniture business; that the claimant, therefore, was not engaged in a hazardous occupation within the meaning of the Workmen's Compensation Act, at the time he sustained his injury, and that the Commission was, therefore, without jurisdiction to enter an award.

We have examined the record on this question and fail to discover any evidence which shows that the claimant sustained his injury while working for the petitioner in a wholesale furniture department. The claimant, in his brief, points to none. The evidence shows that he was injured while delivering furniture from the petitioner's retail furniture store to the home of a customer.

The claimant contends that the petitioners cannot, in this action, raise the question

of want of jurisdiction. We cannot sustain that contention.

The Supreme Court of the United States had before it, in Letus N. Crowell, as Deputy Commissioner for the Seventh Compensation District of the United States Employees' Compensation Commission, and J. B. Knudsen, Petitioners, v. Charles Benson, 285 U. S. 22, 52 S. Ct. 285, 76 L. Ed. 598, the question of whether or not an award made under the Longshoremen's and Harbor Workers' Compensation Act (Act of March 4, 1927, c. 509, 44 Stat. 1424; U. S. C. Tit. 33, secs. 901-950) should be enjoined. That award was based upon a finding that Knudsen was injured while in the employ of Benson and performing service upon the navigable waters of the United States. It was. contended that the award was contrary to law, for the reason, among others, that the claim was not within the jurisdiction of the deputy commissioner, and that the act was unconstitutional. As stated in the opinion:

"The act provides that it shall be presumed, in the absence of substantial evidence to the contrary, that the claim comes within the provisions of the act, that sufficient notice of claim has been given, that the injury was not occasioned solely by the intoxication of the injured employee, or by the willful intention of such employee to injure or kill himself or another"

—and:

"A compensation order becomes effective when filed, and unless proceedings are instituted to suspend it or set it aside, it becomes final at the expiration of 30 days."

That court said:

"Apart from cases involving constitutional rights to be appropriately enforced by proceedings in court, there can be no doubt that the act contemplates that as to questions of fact, arising with respect to injuries to employees within the purview of the act, the findings of the deputy commissioner, supported by evidence and within the scope of his authority, shall be final. To hold otherwise would be to defeat the obvious purpose of the legislation to furnish a prompt, continuous, expert and inexpensive method for dealing with a class of questions of fact which are peculiarly suited to examination and determination by an administrative agency specially assigned to that task. The object is to secure within the prescribed limits of the employer's liability an immediate investigation and a sound practical judgment, and the efficacy of the plan depends upon the finality of the determinations of fact with respect to the circumstances, nature, extent, and consequences of the employee's injuries and the amount of compensation that should be awarded." . . . ;

It pointed out that rulings of the deputy commissioner on questions of law are without finality, and said that: "An award not supported by evidence in the record is not in accordance with law." It said that the statute has a limited application, being confined to the relation of master and servant, and that where the determinations of fact are fundamental or jurisdictional, in the sense that their existence is a condition precedent to the operation of the statutory scheme, it is necessary that the relation of master and servant be shown to have existed at the time of the injury, and that:

"* * * The Congress has imposed liability without fault only where the relation of master and servant exists in maritime employment and, while we hold that the Congress could do this, the fact of that relation is the pivot of the statute and, in the absence of any other justification, underlies the constitutionality of this enactment. If the person injured was not an employee of the person sought to be held, or if the injury did not occur upon the navigable waters of the United States, there is no ground for an assertion that the person against whom the proceeding was directed could constitutionally be subjected, in the absence of fault upon his part, to the liability which the statute creates."

It said:

"The recognition of the utility and convenience of administrative agencies for the investigation and finding of facts within their proper province, and the support of their authorized action, does not require the conclusion that there is no limitation of their use, and that the Congress could completely oust the courts of all determinations of fact by vesting the authority to make them with finality in its own instrumentalities or in the executive department"

—and it pointed out the distinction between the facts "clearly not jurisdictional" and "where the facts involved are jurisdictional." It pointed out that the fact of employment is an essential condition precedent to the right to make a claim, and held that, notwithstanding the findings of fact and authority given the deputy commissioner, the court, in determining whether a compensation award was in accordance with law, may determine the fact of employment which underlies the operation of the statute. It said that, where the question presented was whether the deputy commissioner had acted in a case to which the statute was applicable, and the court determined that the deputy commissioner had no jurisdiction of the proceedings before him, that determination

deprived the proceedings of their effectiveness for any purpose. The court said:

"It cannot be regarded as an impairment of the intended efficiency of an administrative agency that it is confined to its proper sphere * * *"

—and held that the evidence might be heard for the purpose of determining whether or not the deputy commissioner had jurisdiction to make the award.

We have called attention to those portions of the decision which we consider to be applicable in a discussion of the provisions of the Workmen's Compensation Act of the state of Oklahoma. Chapter 72, O. S. 1931. The compensation provided for in that act is payable for injuries sustained by employees while engaged in the hazardous employments listed therein. Section 13349, O. S. 1931. Under the provisions of section 13360, O. S. 1931, if the employer and the injured employee shall reach an agreement as to the facts with relation to an injury for which compensation is claimed under the act, a memorandum of such agreement in a form as prescribed by the Commission and signed by both the employer and the employee, may be filed by the employer with the Commission, and, if approved by the Commission, shall, in the absence of fraud, be deemed binding upon the parties thereto, but it is provided in that section that "such agreement shall be approved by the Commission only when the terms conform to the provisions of this act." Under the provisions of section 13363, O. S. 1931, the award or decision of the Commission shall be final and conclusive upon all questions within its jurisdiction between the parties, unless a proceeding to review is commenced within the time therein provided. Finality and conclusiveness of the award or decision is dependent upon the jurisdiction of the Commission, and, under the theory announced by the Supreme Court of the United States, supra, it is neither final nor conclusive as to the jurisdiction of the Commission, the question of the jurisdiction of the Commission being subject to review by this court.

The terms of the stipulation and receipt filed in this case do not conform to the provisions of this act as required by the provisions of section 13360, supra. It contains no statement from which the Commission could determine whether or not it had jurisdiction, unless it is aided by the provisions of section 13361, O. S. 1931, which provides that it shall be presumed, in the absence of substantial evidence to the contrary, that the claim comes within the provisions of the act.

The liability prescribed is exclusive (section 13352, O. S. 1931), except under the conditions therein provided. If we presume that a claim comes within the provisions of the act, at the same time we must presume that courts of competent jurisdiction, in actions involving personal injuries, are without jurisdiction, and we must hold not only that jurisdiction may be conferred upon the Commission by the consent of the parties, but that jurisdiction may be conferred upon the Commission by a failure to state the facts in a stipulation as to the facts. This court has repeatedly held that jurisdiction of the subject-matter of an action cannot be conferred on any court by waiver or consent, and that jurisdiction of the subject-matter of an action is dependent upon the law applicable thereto. Beach v. Beach, 4 Okla. 359, 46 P. 514; Hobbs v. German-American Doctors, 14 Okla. 236, 78 P. 356; Maer Mfg. Co. v. Cox, 21 Okla. 846, 97 P. 649; Model Clothing Co. v. First Nat. Bank of Cushing, 61 Okla. 88, 160 P. 450; Apache State Bank v. Voight, 61 Okla. 253, 161 P. 214; In re Estates of Harkness, 83 Okla. 107, 207 P. 911; Osage Oil & Refining Co. v. Interstate Pipe Co., 124 Okla. 7, 253 P. 66. Such was the decision of this court in Mobley v. Brown, 151 Okla. 167, 2 P. (2d) 1034, in which this court held that employment as a deliveryman for a drug store is not a hazardous employment as contemplated by the provisions of the act; that before one is entitled to the benefits of the act, he should be held to proof that he is in a class embraced within the provisions of the act, and that nothing can be presumed or inferred in this respect. As stated in the body of the decision, courts are without authority to extend the operation of the act to classes or persons beyond which the Legislature expressly or by implication designated. Mashburn v. City of Grandfield, 142 Okla. 247, 286 P. 789. The decision in that case was based on the decision of this court in Harris v. Oklahoma Natural Gas Co., 91 Okla. 39, 216 P. 116, and City of Ponca City v. Grimes, 144 Okla. 31, 288 P. 951. In Pine v. State Industrial Commission, 108 Okla. 185, 235 P. 617, it was held that the fact that the employment was not within the terms of the act may be raised at any time, even for the first time on appeal, and that where, on appeal, an issue is presented which involved a jurisdictional fact, the determination of which may effectively dispose of the case, the

same may be presented on appeal. The Commission held that the absence of the required number of employees is a matter of defense. This court held that, conceding it to be a matter of defense, it went to the jurisdiction of the Commission, and could be raised at any time, even for the first time on appeal. In support thereof it cited Maer Mfg. Co. v. Cox, supra; Beach v. Beach, supra; Rhyne v. Manchester Assurance Co., 14 Okla. 555, 78 P. 558; Howard v. Arkansas, 59 Okla. 206, 158 P. 437; Model Clothing Co. v. First Nat. Bank, supra; Apache State Bank v. Voight, supra; and Keenan v. Chastain, 64 Okla. 16, 164 P. 1145. In the body of the opinion the court said:

"The law in force at the time of this injury said emphatically 'that the provisions of this act shall not apply to any employer, unless he shall employ more than two workmen.' This law took away the power of the Commission to apply the provisions of the act, deprived it of jurisdiction to make an award, except where more than two workmen were employed, therefore, the validity of the order appealed from depends on the fact whether more than two workmen were employed."

In Crown Drug Co. v. Hofstrom, 158 Okla. 27, 12 P. (2d) 519, it was held that whether a business comes within the provisions of the act is a question of law; that an employer may conduct different departments of the business, some of which are within and some of which are without the provisions of the law, and that an employee of a retail drug store engaged in delivering goods to customers is not within the provisions of the law. A number of cases are cited therein in support thereof. Whether the claimant in this case was employed by a retail store or by a wholesale and retail store is largely immaterial, for the record shows, without any question, that he was delivering goods for the retail department of the store at the time he was injured.

This court, in a few decisions, has used language which is said to be in conflict with the decision cited and the rule herein stated. Pinkston Hardware Co. v. Hart, 159 Okla. 6, 12 P. (2d) 681, was based on the decisions of this court in Hughes Motor Co. v. Thomas, 149 Okla. 16, 299 P. 176, and Skelly Oil Co. v. Daniel, 154 Okla. 199, 7 P. (2d) 155. In Hughes Motor Co. v. Thomas, supra, the question of fact was whether or not the accident occurred within the course of the employment. It was held that the accident occurred within the course of employment. The question of whether or not the employment was within the provisions of the act was not an issue in that case. In Skelly Oil Co. v. Daniel, supra, the employer was the Skelly Oil Company, and the employment was within the provisions of the act. The question involved was whether or not the compensation to which the claimant was entitled had been miscalculated. Our attention has been called to no decision holding that an award made by the Commission in a case in which it had no jurisdiction is final and conclusive. If this court has ever held to that effect in any case, that holding is hereby overruled.

In J. B. Herd Hardware Co. v. Kirby, 160 Okla. 2, 15 P. (2d) 823, it was held that an employee in a business not listed in the act as a compensable employment, who sustains an accidental personal injury not enumerated in the act, is not presumed to come within the provisions of the act, and that it is incumbent upon him to show that the facts and circumstances brought his employment within the meaning of the act. Therein it was said that:

"* * * We do not intend to infer that the employer and insurance carrier, after invoking the jurisdiction of the Commission in a case where the employment is specifically scheduled as hazardous under the Workmen's Compensation Law, can thereafter question the jurisdictional facts which have become final when once determined by the Commission."

It will be noted that that statement referred to a case where the employment is specifically scheduled as hazardous under the provisions of the act. It had no reference to employment which is not specifically scheduled under the provisions of the act.

We call attention to the decision of this court in Rorabaugh-Brown Dry Goods Co. v. Mathews, 162 Okla. 283, 20 P. (2d) 141, for an additional discussion of the issues presented.

The award of the State Industrial Commission is vacated.

CULLISON, V. C. J., and SWINDALL, McNEILL, OSBORN, BAYLESS, BUSBY, and WELCH, JJ., concur. RILEY, C. J., absent.