## PINKSTON HARDWARE CO. 'et al. v. HART et al.

No. 25031.    June 11, 1935.

Randolph, Haver, Shirk & Bridges, for petitioners.

A. P. Murrah, Luther Bohanon, M. F. Boddie, J. I. Gibson, and Mac Q. Williamson, Atty. Gen., for respondents.

OSBORN, V. C. J. This is an original action to review an award of the State Industrial Commission in favor of Carl Hart, claimant, against the Pinkston Hardware Company and the Travelers Insurance Company, respondents.

Claimant was injured on September 10, 1930, while employed by the Pinkston Hardware Company. Certain compensation was voluntarily paid, and on June 25, 1931, a settlement was made and approved by the Industrial Commission for temporary total disability.

On October 15, 1931, a motion to reopen was filed, in which it was sought to recover further compensation on the grounds of a change of condition. On February 2, 1932, after hearing, an award was made for temporary total disability. The cause was reviewed by this court. On June 28, 1932, the award was sustained. Pinkston Hardware Co. v. Hart, 159 Okla. 6, 12 P. (2d) 681. In that case it was said:

"The sole question presented in this case is whether or not petitioners can now question the jurisdiction of the Commission to require petitioners to pay the award of February 2, 1932, on the ground that the injury was not compensable and that it did not come within the Workmen's Compensation Law. This contention of petitioners cannot at this time be raised. When the Commission approved the stipulation and receipt filed with it and neither party appealed therefrom within the 30-day period provided by the Workmen's Compensation Law, the same became binding, final, and conclusive upon the parties. Hughes Motor Co. v. Thomas, 149 Okla. 16, 299 P. 176; Skelly Oil Co. v. Daniel, 154 Okla. 199, 7 P. (2d) 155.'".

An order was entered by the Commission on the mandate on July 12, 1932. On February 21, 1933, respondents filed a motion to discontinue payment of compensation and to dismiss the proceeding for want of jurisdiction by the Commission, which motion was overruled on August 25, 1933. On the same date the Commission made an award for permanent partial disability.

There is but one question presented, and that is whether or not the Commission had jurisdiction of the subject-matter. In this connection it is contended that the Pinkston Hardware Company is a retail mercantile establishment and not covered by the Workmen's Compensation Law. It is observed that the question of jurisdiction was likewise the sole question presented in the former appeal, and it was therein held that the Commission had jurisdiction. Respondents contend that the rule announced therein has since been repudiated by the court and overruled in the cases of Great A. & P. Tea Co. v. McHan, 162 Okla. 8, 18 P. (2d) 875; Tulsa Terminal Storage & Transfer Co. v. Thomas, 162 Okla. 5, 18 P. (2d) 891.; and Spivey & McGill v. Nixon, 163 Okla. 278, 21 P. (2d) 1049.

It is observed that the issue is identical with the issue decided by this court in the former appeal in this case. It was therein held that where a stipulation and receipt were filed and approved by the Commission,

and neither of the parties appealed within 30 days, the same became final, and the employer and its insurance carrier could not thereafter question the jurisdiction of the Commission.

In the case of Tulsa Terminal Storage & Transfer Co. v. Thomas, supra, it appeared that a stipulation and receipt were filed on the Commission's form No. 7, and it was therein contended that the question of jurisdiction could not be raised in a subsequent hearing. It was held by the court that the business of the respondent in that case was not included within the terms of the Workmen's Compensation Law, and that respondents were entitled to raise the question of jurisdiction for the reason that no evidence had been theretofore introduced to establish the jurisdictional facts in the case. In the case of Great A. & P. Tea Co. v. McHan, supra, a stipulation and receipt on the Commission's form No. 7 were filed, and it was again held that the mere filing of such stipulation did not confer jurisdiction of the subject-matter on the State Industrial Commission. The cases of Hughes Motor Co. v. Thomas, 149 Okla. 16, 299 P. 176, and Skelly Oil Co. v. Daniel, 154 Okla. 199, 7 P. (2d) 155, were not overruled by this case, but were distinguished.

In the case of Frates v. State Industrial Commission, 164 Okla. 60, 22 P. (2d) 905, the above cases were followed. It was therein held:

"It is fundamental that the Commission has jurisdiction only over those business enterprises and industries specified and enumerated in the Workmen's Compensation Act (section 13349, O. S. 1931). Whether a business enterprise or industry comes within the provisions of the act is a question of fact which must be determined affirmatively by the Commission before it is vested with jurisdiction to make an order or enter an award in any case. Such issue of fact may be determined, either by proof, stipulation, or admission of the employer."

In the case of Sterling Milk Products Co. v. Underwood, 167 Okla. 361, 29 P. (2d) 937, all of the decisions on this point were reviewed, and it was therein held:

"When the jurisdiction of the State Industrial Commission depends upon a question of fact, and the Commission in making a previous award had before it competent information to establish the jurisdictional fact either in the form of an admission of fact, stipulation of fact, or testimony of witnesses, it is deemed to have inquired into its jurisdiction and determined the question of fact upon which the same depends. Thereafter, in a proceeding to reopen and award further compensation upon a change of condition, the jurisdictional fact is not open to inquiry. Rorabaugh-Brown Co. v. Mathews, supra; Spivey & McGill v. Nixon, supra, and Tulsa Terminal Storage & Transfer Co. v. Thomas, supra; * * * Skelly Oil Co. v. Daniel, 154 Okla. 199, 7 P. (2d) 155; Pinkston Hardware Co. v. Hart, 159 Okla. 6, 12 P. (2d) 681."

In order to determine whether or not the jurisdiction of the Industrial Commission was definitely fixed prior to the former opinion of this court, we turn to the record to ascertain whether or not the Commission had before it information to establish the fact of jurisdiction by admission, stipulation or testimony of witnesses.

The employer's first notice of injury on the Commission's form No. 2 was filed October 3, 1930. The employer's name is stated as the Pinkston Hardware Company and the address is given, but the nature of the employer's business is not stated. This form recites that claimant's occupation when injured was "installing a Frigidaire." From common knowledge the court will take notice of the fact that such equipment is operated by power-driven machinery. On the employee's first notice of injury on the Commission's form No. 3, filed May 27, 1931, the occupation of claimant is given as "electrician," and the nature of the business of the employer is not stated.

On June 25, 1931, there was filed on the Commission's form No. 14 the agreement of employer and employee relating to the injury and payment of compensation therefor. The parties, by agreement, settled a claim for temporary total disability and stipulated that in the event of a change of condition, the award should not be final, but should be reopened and reviewed as provided by section 7296, C. O. S. 1921. On June 26, 1931, the settlement was approved by the Commission with a proviso that the case should be subject to the continuing jurisdiction of the Commission on a change of condition. A hearing was had on the subsequent motion to reopen and award compensation. At this hearing claimant testified that his duties were the installation of Frigidaires and radios; that he had no sales duties and such clerical duties as he performed would not take more time than one hour each day. He also testified that his employer maintained a workshop in the back of his store in which there was certain

power-driven machinery. It further appears that it was his duty to operate such machinery, and the major repair work on radios and Frigidaires was done in the back of the store. Respondent at said hearing made a proffer of proof that the business operated by him was strictly a retail business. The record fails to show a denial of the evidence offered by claimant to the effect that in connection with the retail business there was operated a workshop in which power-driven machinery was used, nor did respondent proffer proof in contradiction of the testimony of claimant on this point. It is well settled that an employer may conduct different departments of business, some of which are within the provisions of the act and some of which are not within the provisions of the act, and where the principal business is a retail business, there may be departments thereof which come within the terms of the act. Sunshine Food Stores v. Moorehead, 153 Okla. 301, 5 P. (2d) 1066; Harbour-Longmire-Pace Co. v. State Ind. Comm., 147 Okla. 207, 296 P. 456.

An examination of the testimony taken subsequent to the former opinion of this court shows that it is not materially different from the testimony taken in the former hearing. In the case of Amerada Pet. Corp. v. Elliff, 171 Okla. 38, 41 P. (2d) 850, it is said:

"Decision of first appeal is 'law of case' in 'all subsequent stages, and will not be reviewed on second appeal, where facts are practically the same."

It sufficiently appears that prior to the former adjudication of jurisdiction by this court there was sufficient evidence before the Commission to establish the fact that the employer was conducting as a department of his retail business a workshop in which power-driven machinery was used, and that claimant was engaged in manual or mechanical work or labor in connection with or incidental to such department of business (sections 13349, 13350, O. S. 1931). Under this state of facts the respondent may not now raise the question of lack of jurisdiction to enter a subsequent award.

The award of the Commission is sustained.

McNEILL, C. J., and RILEY, BAYLESS, BUSBY, WELCH, PHELPS, CORN, and GIBSON, JJ., concur.