SILAS GORSUTH & JOHN J WILSON, *Plaintiffs in Error,*

*vs.*

ELIJAH BUTTERFIELD, *Defendant in Error.*

ERROR TO THE DANE COUNTY COURT.

By section 5, of chap. 139 of Session Laws 1850, all notes or accounts, or evidences of debt, given for retail liquor bills, are *absolutely void.*

The Statute of 1850, affected not the remedy merely, but the cause of action itself.

An instrument absolutely void at the time of its inception, by force of the Statute, is not restored to vitality by the repeal of the Statute.

The term "wholesale," implies the selling in or by unbroken parcels, as by the barrel, pipe, or cask, &c., while the term "retail," implies the cutting up or dividing such pieces, or parcels, or casks, into smaller quantities, and selling to customers in such manner.

The purchase of liquors from time to time, in six or ten gallon kegs of different kinds, cannot in any proper use of language, be called "selling by wholesale."

He who divides his casks, barrels, or pipes of liquors, into six or ten gallon parcels, and sells them in that manner, can in no just sense be considered as selling at wholesale.

A note, or other evidence of debt, void in its inception, and so declared by positive provision of Statute, cannot by subsequent legislation, become valid.

This suit was originally commenced before a justice of the peace of Dane county, by the defendant in error against the plaintiffs in error. The declaration was assumpsit, verbally on a promissory note, of which the following is a copy:

"$62.25.          "*Madison,* 23*d January,* 1851.

"Thirty days after date, we promise to pay E. Butterfield or bearer, sixty-two and 25-100 dollars, with ——— at the rate of twelve per cent., value received.

"GORSUTH & WILSON."

DEC. TERM
1853.

Gorsuth &
Wilson
vs.
Butterfield.
The defendant Wilson appeared, and pleaded verbally the general issue, denying partnership, and the execution of the note by himself. Gorsuth did not appear. The justice, after hearing the proofs, gave judgment against the defendants for $75.94 and costs. From that judgment, the defendant Wilson appealed to the County Court. In the County Court, the defendant obtained leave and filed a written plea, in which he says he did not undertake and promise, as the plaintiff has complained against him, concluding to the country. The said defendant also made an affidavit, in which he denies ever having signed the note mentioned in the plaintiff's declaration, or authorized any other person to sign the same in his name ; that on the 23d day of January, 1851, there was no such partnership or firm as " Gorsuth & Wilson," and that said note was not given for any debt due, or owing by or from the firm of Gorsuth & Wilson, which firm had before that time existed, but was then dissolved, and that the said plaintiff had notice of such dissolution.

On the trial before the County Court. upon the issue thus joined, the plaintiff, Butterfield, was admitted as a witness, who testified that he had done business with the firm of Gorsuth & Wilson, and supposed they were in partnership at the time the note was given. That he had no notice of the dissolution at the time the note was given ; that Gorsuth made the note, and that Wilson was in the house at the time, as he thinks. That the note was given for liquors bought of witness from three to six months previous to making the same ; that there were different kinds of liquors, and were in six or ten gallon kegs, no keg containing more than ten gallons. That the note was

given in payment for the liquors which were pur-
chased on the defendants' order, from three to six
months before taking the note. The plaintiff also
gave in evidence and read the note mentioned in the
declaration, to which the defendant excepted. No
further evidence was given on the part of the
plaintiff.

The defendant Wilson then proved that the part-
nership of Gorsuth & Wilson was closed and dissolv-
ed by mutual consent, on the 16th day of November,
1850, and that Gorsuth alone remained in occupancy ;
and rested.

The county judge rendered a judgment in favor of
the plaintiff, to which the defendant, Wilson, took
exceptions. To reverse this judgment, a writ of error
is brought.

*Knapp & Frink*, for the plaintiffs in error.

The plea of the defendant, Wilson, (one of the
plaintiffs in error,) in the court below, verified by
affidavit, denying the joint liability of the defendants,
made it incumbent on the plaintiff below to prove
such joint liability. *R. S.* 528, *sec.* 90, 91.

1. Because this was the issue created by the plea
to be tried.

2. Admitting the partnership to have been in ex-
istence when the order for the liquors was made,
there is no proof that it subsisted until delivery, and
final, absolute acceptance thereof by the defendants ;
which was necessary to fix their liability by taking
the case out of the Statute of Frauds. *Phillips vs.
Bistolli*, 2 *Barn. & Cres.* 513 ; *Nichalle & Plume*, 1
*C. & P.* 273 ; *Acebel vs. Levy*, 10 *Bing.* 384 ; *Smith
vs. Surnam*, 9 *Barn. & Cres.* 561 ; *Carter vs. Touis-*

DEC. TERM
1858.

Gorsuth &
Wilson
vs.
Butterfield

sant, 5 *Barn. & Ald.* 858 ; *Russel vs. Minor*, 32 *Wend.* 659 ; *R. S.* 388 ; for it is clear the case falls within the statute, the price of the liquors being more than fifty dollars. The plaintiff, to have entitled himself to have recovered, should have clearly proved the statute had been complied with. *Maberly vs. Shepherd*, 10 *Bing.* 99. And there is not a particle of proof which even tends to show that the order was made in writing.

3. The note was made after the dissolution of the partnership, and hence was not binding on the defendant, Wilson. *Perrin vs. Keene*, 19 *Maine*, 355 ; 3 *Kent's Com.* 63 ; *Bell vs. Morrison*, 1 *Peters*, 351 ; *Mitchell vs. Ostrom*, 2 *Hill*, 520 ; *Pindar vs. Wilkes*, *Taunt.* 612.

4. The sale of the liquors for which the note was given was illegal, hence no recovery could be had upon the note. *Statutes of* 1850, *p.* 10, *sec.* 5 ; *id. p* 109, *sec.* 2.

Before the plaintiff below could recover, he must show affirmatively that he has complied with the statute. *U. S. vs. Hayward*, 2 *Gall.* 485 ; 1 *Greenleaf's Ev.* 78 ; 1 *Johns.* 513.

The judgment is for a larger amount than is due on the note for principal and interest, up to the time it was rendered.

*Abbott & Clark*, for the defendant in error.

The dissolution of the partnership of the plaintiffs in error, before the note was given, could not affect the transaction, unless *notice* had been given to the defendant in error.

The existence of the partnership, and the making

of the note, were proved by the testimony of de-

fendant.

The defence, under the License Act of 1850, cannot avail, unless the plaintiffs in error *prove* that the defendant in error was *not* a druggist, and that the quantity of liquor sold, was less than twenty-eight gallons.

Sec. 5, of that act, only makes the notes, &c. void, where the sale does not come within the exception or proviso of that section, and the plaintiffs in error should have negatived that exception in their proof. 2 *Pick.* 139 ; 1 *Greenl. Ev., sec.* 78, So that, for the purpose of this suit, it does not make any difference whether that section affects the *contract*, or only the *remedy.*

*By the Court,* Smith, J. The statute of 1850, is absolutely fatal to the right of recovery by the plaintiff below, and it is unnecessary to enter upon the discussion of the other points made in the case. *Chap.* 136, *sec.* 5, *Session Laws*, 1850, *p.* 110.

In the case of *Johnson et al. vs. Meeker et al., Wis. Rep.* 436, we had occasion to give a construction to sec. 5, of chap. 29 of the Revised Statutes, which provides as follows : " No suit for liquor bills shall be entertained by any courts of this State ; and whenever it shall be made to appear to any court, before which a suit may be pending on a promissory note, that such note was given in whole or in part for liquor bills, such court shall immediately dismiss such suit, at the cost of the plaintiff." On consideration of this statute, we held that the sale of spirituous or intoxicating liquors was not thereby rendered unlawful, but

Q

DEC. TERM
1853.

Gorsuth &
Wilson
vs.
Butterfield. that its effects was, to close the courts of the State against the prosecution of suits founded upon the sale of such liquor; that the statute affected the remedy merely, and a repeal of the statute restored the remedy. *Johnson et al. vs. Meeker et al.*, 1 *Wis. R.* 536.

But the Statute of 1850, which repeals chap. 29 of the Revised Statutes, goes much further than the one which it repealed. Sec. 5, chap. 139, of Session Laws of 1850, provides that "No suit for retail liquor bills shall be entertained by any courts of this State, and whenever it shall be made to appear to any court before whom a suit may be pending on a promissory note, account, or evidences of debt, that such note, account, or evidences of debt, was given for retail liquor bills, or any part thereof, such court shall immediately dismiss such suit at the cost of the plaintiff, *and all such notes, accounts, or evidences of debt, shall be absolutely void.*"

This statute declares the notes, accounts, &c., for retail liquor bills, *absolutely void*, while the Statute of 1849 only prohibited the courts from entertaining suits brought upon them. The repeal of the statute would restore the remedy, and the notes, not having been void, could then be sued. But this note was given while the laws of 1850 was in full force, and was therefore *absolutely void*. It affected, not the remedy merely, but the cause of action itself. The repeal of the Statute of 1850, by the act of March 8, 1851, (*Session Laws of* 1851, *chap.* 162,) while it restored the remedy upon promissory notes given for liquor bills prior to 1850, could not give vitality to an instrument absolutely void at the time of its execution.

The evidence here, clearly shows that that the con-
sideration of the note on which this-suit was brought,
was for retail liquor bills. It is difficult to conceive
of a *wholesale* of spirituous liquors, - in six or ten gal-
lon kegs, consisting of brandy, gin, wine, &c., and all
amounting only to the sum of sixty-two dollars.

The definition given in the latter part of the section
of the act of 1850, of the words " vending and re-
tailing," as used in that statute, cannot be considered
as a rule by which we are to determine whether a sale
is by wholesale or by retail, but has reference solely
to the *acts* mentioned in that statute, and described by
those terms, and we are left without any guide fur-
nished by the statute, by which to determine whether
a transaction be wholesale or retail.

If the purchase which made up the amount for
which the note was given, was all one transaction, then
it is not sufficient to come up to the proper idea of
wholesale. This term implies the selling in unbroken
pieces or parcels, as by the barrel, pipe, cask, &c., or
in a number of such pieces or parcels ; while the word
retail, implies the cutting or dividing up such pieces,
parcels, or casks, into small quantities, and selling to
customers in such manner. The purchase of liquors
from time to time, in six or ten gallon kegs, of vari-
ous kinds, cannot, in a proper use of language, be
called a wholesale purchase ; nor can he be said to
vend at wholesale, who divides his casks, barrels, or
pipes, into ten gallon parcels, and sells them out in
that manner.

The note in this case, must therefore be consider-
ed as given for retail liquor bills, and having been
executed while the act of 1850 was in force, was

DEC. TERM
1853.

Gorsuth &
Wilson
*vs.*
Butterfield absolutely void. Being void in its inception and execution, and so declared by positive statute, a repeal of that act of the Legislature could not give it vitality.

The judgment of the court below must be, and the same is hereby reversed with costs, and the cause is remanded for further proceedings, according to law.