No. 124.—GRAHAM & ANDERSON v. JOHN HENDRICKS, SR.

The purchase of a lot of cotton by a railroad company, chartered and domiciliated in the State of Mississippi, from a party domiciliated and residing in Louisiana, is not affected by the prohibitions contained in the act of the Legislature of 1855, a clause of which is as follows: "No corporation shall engage in mercantile or agricultural business, nor in commission, brokerage, stock jobbing. exchange, or banking business of any kind." The clause in the act cited, only refers to the buying and selling of articles of merchandise as an employment, and implies operations, conducted with a view of realizing the profits which come from skilful purchase, barter, speculation and sale.

APPEAL from the District Court, parish of Caddo.   *Levisee*, J.   *T. T. & A. D. Land*, for plaintiffs and appellants.   *Looney & Wells*, for defendant and appellee.

HOWE, J.   The plaintiffs alleged that on the twentieth day of December, 1862, the defendant sold sixty bales of cotton to the commercial firm of Simpson & Calhoun; that on the twenty-third of February, 1863, the said firm sold and transferred the said cotton to the Southern Railroad Company, a corporation duly chartered under the laws of the State of Mississippi, and that on the seventh of April, 1865, the Southern Railroad Company sold the cotton to the plaintiffs. They alleged that the defendant refused to deliver the cotton, and they prayed for a judgment for the same, or its value.

The defendant filed an answer to the merits, and thereafter a peremptory exception, averring, " that the Southern Railroad Company, a corporation represented by plaintiffs, are forbidden by a prohibitory law of the State of Louisiana from buying or selling, or carrying on business as holders, speculators or merchants, and without power or authority to make or maintain the contract sued on," and therefore prayed that this action be dismissed.   The court sustained the exception, and dismissed the suit, and the plaintiffs have appealed.

We are of opinion that the judgment was erroneous.   The prohibition referred to is contained in a clause of the act of 1855, relative to

the organization of corporations for works of public improvement, and for other purposes. R. S., 1870, ———, and is in these words :

"No corporation shall engage in mercantile or agricultural business, nor in commission, brokerage, stock jobbing, exchange or banking business of any kind."

It is quite likely that this prohibition applies only to corporations organized under the sections of which it is a clause or proviso, for otherwise it might have been interpreted so as to stop the operations of every incorporated bank then in existence in the State. It is highly probable that it does not apply to a corporation created by and under the laws of Mississippi. C. C. 9. But aside from these objections to the views of the defendant, we think it clear that the prohibition does not extend to the case of a purchase of cotton as shown by the record before us. The phrase, "mercantile business," has a definite meaning. It refers to the buying and selling of articles of merchandise as an employment. It implies operations conducted with a view of realizing the profits which come from skillful purchase, barter, speculation and sale. The purchase shown in this case is not of this character, and is not liable to the objections which seem to have been in the mind of the Legislature when it forbade a corporation to engage in the hazards of "mercantile business."

It is ordered that the judgment appealed from be avoided and reversed, and the cause remanded to be proceeded with according to law