BENJAMIN TRIPP, City Treasurer, *vs.* JOHN B. HENNESSY & others.

The board of aldermen of P. granted a license to H. to sell liquor at retail only, and H. gave bond to comply with the conditions of the license. Before it was granted, the board had passed a resolution, that a sale of liquor in quantities over three gallons should be a sale at wholesale, but this resolution was not stated in the license, or recited or referred to in the bond, or stated or referred to in the grant of the license, as recorded. In an action on H.'s bond for a breach thereof, in selling ten gallons of liquor, drawn from a cask containing a much larger quantity, *held*, that the sale, being in the ordi-' nary sense a sale at retail, was not affected by the resolution of the board, and was no breach of the condition of the bond.

ACTION OF DEBT on a bond given by the defendant John B. Hennessy and his sureties, submitted to the court both upon fact and law, a jury trial having been waived. The bond, which was dated July 2, 1870, was in the same form as that in the case of *Tripp, City Treasurer,* v. *Norton,* reported at page 125 of this volume of reports.

The license given to the defendant Hennessy was in the following form : —

" $350.00. LIQUOR [SEAL] LICENSE. — The city of Providence. This is to certify, that by order of the Mayor and Board of Aldermen of the city of Providence, and pursuant to the public laws of Rhode Island, license is hereby granted to John B. Hennessy to sell spirituous and intoxicating liquors at retail, and be drank on the premises, at No. 157 Canal Street, within the

said city of Providence, for the term from the date hereof until the first day of July next ensuing, unless sooner revoked, and conditioned that no intoxicating or spirituous liquors shall be sold on said premises contrary to law.

"Witness, my hand and the seal of the Board of Aldermen, July 2, 1870.

[Seal.]     (Signed)     "SAMUEL W. BROWN, *Clerk*.

"EXTRACT FROM THE LAW RELATING TO THE SALE OF INTOXICATING LIQUORS. — If any licensed person shall sell, or suffer to be sold, any intoxicating or spirituous liquors contrary to the provisions contained in this act, his bond shall be put in suit by the town or city treasurer of the town or city where such person obtained his license ; and by due process of law the penal sum thereof be recovered for the use of said town or city. And if any such licensed person shall permit the house or place (which shall be described in the license) where he is licensed to sell liquors under the provisions of this act to become disorderly, so as to annoy and disturb the persons inhabiting or residing in the neighborhood thereof, or shall permit any gambling or unlawful gaming to be carried on therein, or shall knowingly permit any of the laws of the state to be violated thereat, in addition to any penalties which may be prescribed by statutes for such offences, he may be summoned before the town council or aldermen who granted such license, when the licensed person, and witnesses for and against him, may be heard ; and if it shall be made to appear to the satisfaction of such council or board of aldermen that such licensed person has violated the provisions of this section of this act, then they may revoke his license, and such licensed person shall cease to have any authority thereunder."

At the trial of the case it appeared that previous to the granting of said license the following vote was passed by the board of aldermen of the city of Providence : —

"City of Providence. In Board of Aldermen, July 1, 1870. Resolved, That wholesale and retail liquor dealers be defined according to the United States revenue law as follows : .

"Wholesale dealers, those who sell in quantities of three gallons and upwards. Retail dealers, those who sell in quantities less than three gallons."

The other material facts in the case are stated in the opinion of the court.

*Parkhurst,* for plaintiff.

*Gorman,* for defendants.

BRAYTON, C. J. The bond in this case was as in the case against Norton. The condition the same. The breach assigned was that the defendant Hennessy " did sell spirituous and intoxicating. liquors at wholesale, to wit, in greater quantities than three gallons at one sale, contrary to the said writing obligatory." The license granted was, to sell " at retail," without stating what quantities he might sell at one sale, or what shall constitute a sale by wholesale.

The sale proved was a sale of ten gallons of whiskey to a member of the police force of the city, sent by direction of the chief of police for that purpose, at the place licensed, and it was drawn from a cask containing a much larger quantity.

The statute authorizes the board of aldermen to grant licenses to sell either at retail or wholesale, and requires them to specify in the license granted, whether the person licensed should sell at wholesale or at retail, and the license here did state that the sale should be at retail.

It is not seriously contended that a sale in this quantity is according to the common and popular import of the term a sale at wholesale. In that common and popular sense the words " wholesale " and " retail " must be taken to have been used in the statute. The sale here involves the idea of breaking up, and dividing, and parcelling out the goods which are held by the seller in larger parcels or packages in which he has purchased, and excludes the idea of selling a thing whole and unbroken. It is not insisted that within the meaning of the act as it stands, the sale made by the defendant Hennessy is one at wholesale. It has been decided that such a sale is not one at wholesale, but is such as a retailer may and does make. *State* v. *Wilson*, 2 Wis. 237. But it is claimed that it is such by virtue of a resolution of the board of aldermen. Before granting any licenses under chapter 757, which requires the licensees to state whether the licensee should sell by wholesale or at retail, the board of aldermen, in. order to define the meaning of those terms and to settle the line of distinction between them, resolved, that a sale at re-

tail should be a sale in quantities not exceeding three gallons; a sale in quantities greater than three gallons, a sale at wholesale.

This resolution was, however, not stated in the license which was required to be given the person licensed, and was also required to be posted up in the place licensed. The license was simply to sell at retail, neither was the resolution recited or referred to in the bond, nor was it stated or referred to in the grant of the license as recorded. The grant did not limit or define the term " at retail."

The license in this case, then, was a license to sell at retail, as that · term is commonly understood, and is not limited or restricted by the resolution of the board of aldermen.

The sale proved not being in that sense a sale at wholesale, but one at retail, there is no breach of the condition of this bond, and *Judgment must be for the defendant for his costs.*