**EXCHANGE BUILDING CO. et al. v. WASSON et al.**

No. 22285. Opinion Filed Jan. 19, 1932.

Roy V. Lewis and Burford, Miley, Hoffman & Burford, for petitioners.

A. H. Thomas, for respondents.

SWINDALL, J. The respondent herein, Anna Wasson, on September 11, 1930, filed an employee's first notice of injury and claim for compensation before the State Industrial Commission of Oklahoma, for compensation for an injury caused by an accident on August 4, 1930, at which time she was employed as a janitress in the office building of the Exchange Building Company, a corporation, in the city of Tulsa, Okla. She alleges that the accident occurred while she was closing a window in room 1310 of the office building. Upon her claim for compensation a hearing was held at Tulsa, Okla., on March 18, 1931, before Thomas H. Doyle, Chairman of the State Industrial Commission, to determine liability and extent of disability, at which hearing the claimant therein appeared in person and by H. J. Tucker, her attorney, and the respondents therein, Exchange Building Company and Globe Indemnity Company, insurance carrier, appeared by Roy V. Lewis. On March 27, 1931, after reviewing the testimony taken at said hearing and all records on file, the Commission found that on the 4th day of August, 1930, claimant was in the employment of the said respondent therein, Exchange Building Company, and engaged in a hazardous occupation subject to and covered by the provisions of the Workmen's Compensation Law, and that on said date she sustained an accidental injury arising out of and in the course of her employment, consisting of an injury to her back, and awarded her compensation not to exceed 500 weeks at the rate of $10.77 per week, or a total of $5,385. The petitioner herein within the time provided by law filed a petition to review said award, and, among other things, urged that the industry and business enterprise does not come within the meaning of the Workmen's Compensation Law and that therefore the State Industrial Commission was without jurisdiction to make the award to claimant, one of the respondents herein. We think this contention is well taken. This court in Gypsy Oil Co. v. Keys, 147 Okla. 148, 295 P. 612, held that:

"Section 7283, C. O. S. 1921, as amended by section 1, ch. 61, Session Laws 1923, enumerates and designates the classes of industries and business enterprises which come within the meaning of the Workmen's Compensation Law."

An examination of that section discloses that janitors in office buildings do not come

within the terms and provisions of the Workme.n's Compensation Law, and we so held in Ferris v. Bonitz, 149 Okla. 129, 299 P. 473. The syllabus in that case is as follows:

"An employee engaged as janitor foreman in an office building, whose duties are to run an elevator, have charge of the help, keep the sinks unstopped, and operate the vacuum cleaner, who sustains an accidental personal injury while performing janitor work, in no way connected with the operation of the elevator, is not within the provisions of section 7283, C. O. S. 1921, as amended by section 1, ch. 61, Session Laws of 1923, and may not be awarded compensation for such injury."

The State Industrial Commission was in error in awarding the respondent Anna Wasson compensation. The award is disapproved, and the Industrial Commission directed to vacate same and dismiss the claim.

CLARK, V. C. J., and RILEY, HEFNER, CULLISON, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. LESTER, C. J., absent.