### OKLAHOMA UNION BUS TERMINAL et al. v. STONE et al.

No. 23976. Opinion Filed Feb. 7, 1933.

Frank E. Lee and Jas. C. Cheek, for petitioners.

J. Berry King, Atty. Gen., Robert D. Crowe, Asst. Atty. Gen., Ernest Richards, and T. S. E. Brown, for respondents.

CULLISON, V. C. J. This is an original proceeding in this court to review an award of the State Industrial Commission rendered on July 20, 1932, in favor of Thomas Stone, claimant herein.

The record discloses that Stone was employed by the Oklahoma Union Bus Terminal in Oklahoma City. That he was engaged as a porter and janitor at the bus

terminal building. His duties were to help passengers to and from the busses and waiting room of the terminal building, to carry baggage for said passengers from busses to the building or from the building to automobiles, and to help load or unload baggage on the busses. He also did the janitor work around the building during the nighttime, but in such janitor work he used no machinery of any kind, but did said work by hand.

While handling a trunk the same fell on claimant and fractured his leg, and as a result of said injury the Commission gave claimant an award ordering compensation paid from the date of injury to the date of hearing and to continue until temporary total disability ceased.

The petitioner presents two questions for our consideration in determining whether said award should be affirmed or reversed. The first is, Was there any evidence showing that the claimant was engaged in a hazardous employment covered by the Compensation Act? And, second, whether or not the employment is covered by the act.

In our consideration of said questions, we observe that the Workmen's Compensation Act is in derogation of the common law and that said act covers only such matters of employment and lines of business as are enumerated in said act. Section 7283, C. O. S. 1921, as amended by chapter 61 of the Session Laws of 1923 [O. S. 1931, sec. 13349] designates the various hazardous employments covered by the Compensation Law. We have examined said section and find that the same does not cover bus terminal stations or depots, nor any work connected with such bus terminal depots.

This court has passed squarely upon the question of when an industry or line of business is not named in said section enumerated, that then said line of business is not within the act. One of the most recent cases is that of Exchange Bldg. Co. et al. v. Wasson et al., 154 Okla. 193, 7 P. (2d) 460:

"Section 7283, C. O. S. 1921, as amended by section 1, chapter 61, Session Laws 1923, enumerates and designates the classes of industries and business enterprises which come within the meaning of the Workmen's Compensation Law."

Claimant contends that there was certain machinery about the bus terminal so as to bring claimant within the provisions of the Compensation Law. The record discloses that there was a refrigerator within the terminal building, but that there was no other machinery within the building whatsoever. That the various transportation companies owned busses which entered and departed from the terminal building, but that claimant used no machinery whatsoever and never did anything with the particular refrigerator referred to.

This presents for our determination the question of whether or not the fact that a refrigerator is in a building brings the employment of those engaged at said building within the terms of the compensation act. In this connection we should bear in mind that the duties of claimant were to do the janitor work in said building and to aid passengers to and from the busses into and out of the terminal building. In the case of Exchange Bldg. Co. et al. v. Wasson et al., cited supra, this court passed upon the question of employment of janitors and held:

"Janitors performing janitor work in office buildings held not within provisions of Workmen's Compensation Law (C. O. S. 1921, sec. 7283, as amended by Session Laws of 1923, ch. 61, sec. 1)."

Also in the case of Mobley v. Brown et al., 151 Okla. 167, 2 P. (2d) 1034, this court had under consideration a question of whether or not a drug store became a business covered by the Compensation Law because the same contained a refrigerator, and at page 168 of the opinion the court said:

"The fact that power-driven machinery was used (i. e., the motorcycle being driven by power) does not constitute the drug store a workshop so as to bring it within the provision of the act, nor does the use of electric refrigeration, an ordinary 'Frigidaire.' Although delivery of prescriptions by motorcycle may in fact be hazardous, such employment does not come within the terms of the act until made to do so by statute."

After carefully considering the record and authorities in said cause, we conclude that the particular business in which claimant was engaged was not covered by the Compensation Law. And that since claimant's employment cannot be considered as covered by the Compensation Law the Industrial Commission did not acquire jurisdiction to render a valid award in said cause.

The petition to vacate is granted, with directions to the State Industrial Commission to set aside said award and dismiss said cause for lack of jurisdiction.

RILEY, C. J., and SWINDALL, ANDREWS, OSBORN, BAYLESS, BUSBY, and WELCH, JJ., concur. McNEILL, J., absent.