## MISSOURI, KANSAS & OKLAHOMA COACH LINES et al. v. ANDERSON et al.

No. 23655. Opinion Filed June 20, 1933.

Moss, Breckenridge & Young, for petitioners.

C. B. Stuart, E. J. Doerner, B. A. Hamilton, J. Berry King, Atty. Gen., and Robert D. Crowe, Asst. Atty. Gen., for respondents.

WELCH, J. Petitioners herein seek to review an order and award of the State Industrial Commission made on April 18, 1932, in favor of the respondent Roscoe Anderson.

One of the petitioners herein, Missouri, Kansas & Oklahoma Coach Lines, a corporation, was, on the 24th day of May, 1931, engaged in the business of transportation of passengers and light express to and from points in Missouri, Kansas, and Oklahoma. In the conduct of such business it maintained at Tulsa, Okla., a bus garage for the repair, overhauling, washing, greasing, and servicing of its motor busses. The respondent Roscoe Anderson, on said date, was employed by petitioner as a porter in the said garage, and on said date, while greasing one of petitioner's motor busses, sustained an injury on account of the bus falling upon his body. Out of this injury grew the award of which complaint is here made.

The only question herein presented is whether or not such employment of the respondent is an employment within the terms of the Workmen's Compensation Law of this state. It is the contention of the petitioners that respondent was not engaged in a hazardous occupation subject to and covered by the Workmen's Compensation Law. It is respondent's contention that he is entitled to recover compensation upon the theory that at the time of his injury he was employed in a workshop where machinery was used as enumerated in section 13349, O. S. 1931.

Upon the hearing before the Commission claimant testified that there was no power-driven machinery used in the garage where he was employed. He testified that the busses were repaired within the garage by hand and with the use of hand tools. He testified further that there was located and used in the garage an acetylene torch, and that there was located in another building an air compresser with a hose therefrom extending into the garage where he worked as porter and general helper. He testified at one time that these were electrically operated, but stated on cross-examination that there was no power-driven machinery of any kind used in the garage, and testified in detail as to the machinery and tools and appliances that were used. There was other positive testimony to the effect that there was no power-driven machinery used or operated in the garage, and we conclude the record is clear that there is no testimony from which it may be inferred that there was power-driven machinery used in said bus garage.

Paragraph 11 of section 13350, O. S. 1931, defines a "workshop," as used in the Workmen's Compensation Law, as follows:

" 'Workshop' means any premises yard, plant, room or place wherein power-driven machinery is employed and manual or mechanical labor is exercised by way of trade for gain or otherwise or incidental to the process of making, altering, repairing, printing, or ornamenting, cleaning, finishing, or adopting for sale or otherwise, any article, or part of article, machine or thing over which premises, room or place the employ-

er of the person working therein has the right of access or control."

This court has held that:

"In order for the State Industrial Commission to have jurisdiction to award compensation to an employee and against an employer or insurance carrier for an accidental personal injury arising out of and in the course of his employment, such employment must be in one of the industries, plants, factories, lines, occupations, or trades mentioned in section 13349, O. S. 1931; or the facts must bring the branch or department of the business under said section governed by the phrase 'hazardous employment,' as defined in section 13350, O. S. 1931." Gypsy Oil Co. v. Keys, 147 Okla. 148, 295 P. 612; Great Atlantic & Pacific Tea Co. v. McHan, 162 Okla. 8, 18 P. (2d) 875; Spivey & McGill v. Nixon, 163 Okla. 278, 21 P. (2d) 1049; F. E. Northway, Inc., v. Tryon, 163 Okla. 159, 21 P. (2d) 501.

In the instant case claimant's duties did not require of him that he work with or around power-driven machinery as defined by the provisions of the Workmen's Compensation Law. At the time of his injury he was not employed in a workshop where machinery is used as is defined in paragraph 11 of section 13350, O. S. 1931, supra, and it is clearly disclosed by the record that respondent does not bring his employment within the facts to constitute a hazardous employment, as provided by the Workmen's Compensation Law of this state.

The award of the State Industrial Commission is vacated and remanded, with directions to the State Industrial Commission to dismiss the claim.

RILEY, C. J., CULLISON, V. C. J., and SWINDALL, ANDREWS, McNEILL, BAYLESS, and BUSBY, JJ., concur. OSBORN, J., absent.