## CONTINENTAL BAKING CO. et al. v. CAMPBELL et al.

No. 24150. March 3, 1936.

Hayes, Richardson, Shartel, Gilliland & Jordan, for petitioners.

Earl Sadler and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. This is an original proceeding instituted in this court by the petitioners, Continental Baking Company and its insurance carrier, praying a review and vacation of an order and award of the State Industrial Commission made in favor of the respondent Joe Campbell.

On August 4, 1931, the petitioner filed with the State Industrial Commission employer's first notice of injury, wherein its business was declared to be that of a wholesale bakery, and an injury to the respondent Joe

Campbell was reported. This notice further stated that the injury occurred on July 20, 1931, in the course of employment by the petitioner, and that by reason of said injury the respondent quit work on July 29, 1931, and was given immediate medical attention; that the occupation of the respondent at the time of the injury was that of janitor.

On August 22, 1931, the insurance carrier filed a report of initial payment of compensation, and on August 26, 1931, petitioner and respondent filed with the commission its form 7 stipulation and receipt. No action by the commission was taken thereon, and on June 9, 1932, the respondent filed a motion with the commission requesting a determination of permanent partial disability by reason of his accidental injury.

On June 18, 1932, the petitioner and its insurance carrier filed an answer wherein it was alleged that the respondent was not engaged in a hazardous occupation within the meaning of the Workmen's Compensation Act at the time of the injury, and that therefore the State Industrial Commission was without jurisdiction. The matter was heard by a member of the commission on September 6, 1932, and respondent then requested the approval of the form 7 stipulation and receipt which had been previously filed with the commission, and the petitioner entered its objection thereto. Decision was reserved until the matter could be considered by the commission in regular session.

Subsequently, on September 12, 1932, on the record before it and without any further evidence by either party, the commission entered its order approving the aforesaid form 7 stipulation and receipt.

As grounds for the vacation of this order, the petitioner presents the following single proposition:

"The commission erred, as a matter of law, in arbitrarily entering its order of September 12, 1932, assuming jurisdiction of this cause after its jurisdiction had been attacked, without the taking of any testimony herein."

The jurisdiction of the State Industrial Commission was created and exists solely by reason of the Workmen's Compensation Act (Sheehan Pipe Line Const. Co. v. State Ind. Com., 151 Okla. 272, 3 P. [2d] 199), and as we have heretofore pointed out in Veazey Drug Co. v. Bruza, 169 Okla. 418, 37 P. (2d) 294:

"Section 13349, O. S. 1931, enumerates and designates the classes of industries and business enterprises which come within the meaning and operation of the Workmen's Compensation Law.

"The State Industrial Commission is without jurisdiction to make an award of compensation under the terms of the Workmen's Compensation Law of this state, except in cases wherein it is made to appear that the employer is engaged in one of the classes of industries, plants, factories, lines, occupations, or trades mentioned in said act."

In the case at bar the only reference to the business of the petitioner is that contained in employer's first notice of injury, wherein petitioner states that it is that of a wholesale bakery. This exact term does not appear in the enumerated list of hazardous employments eo nomine set forth in section 13349, O. S. 1931. Respondent, however, contends that the term "wholesale bakery" is to be treated as synonymous with the term "wholesale mercantile establishment," which is included in the enumerated list of hazardous industries in section 13349, supra. In Veazey Drug Co. v. Bruza, supra, we had occasion to discuss at some length the meaning of the term "wholesale mercantile establishment," and therein Mr. Justice Welch, speaking for this court, said:

"The claimant presents no authority defining the specified term 'wholesale mercantile establishment,' as used in our statute, and we have found none; however, when the separate words composing that expression are considered in their usual, ordinary and natural use and meaning, no difficulty is encountered in arriving at the meaning of the statutory term. Thus, from all of the definitions, the word 'establishment' means an institution, place, building, or location. Its meaning, of course, may vary and does vary with the use of the word. The word 'mercantile,' in its ordinary acceptance, means pertaining to the business of merchants, and is concerned with trade or buying and selling of merchandise. People v. Federal Security Co., 255 Ill. 561, 99 N. E. 668; H. H. Kohlsaat & Co. v. O'Connell, 255 Ill. 271, 99 N. E. 689. In Carr v. Riley, 198 Mass. 70, 84 N. E. 426, 'mercantile' is defined thus: 'Of or pertaining to merchants or the traffic carried on by merchants, having to do with trade or commerce, trading; commercial.' Thus, while the word 'establishment' may mean almost any kind or character of institution, location, building or place, yet its meaning is greatly restricted when used following the word 'mercantile.' And the expression 'mercantile establishment' must mean and refer to an institution of mercantile business, or a place, building or location where the mercantile business or the buying or selling of merchandise is conducted or engaged in. One mercantile business or establishment may differ from another just as one merchant may differ from another merchant as to the character of business engaged in. So we have retail merchants or retail mercantile

establishments upon the one hand, and wholesale merchants or wholesale mercantile establishments on the other hand.

"A mercantile establishment is a place where the buying and selling of articles of merchandise is conducted. Hotchkiss v. District of Columbia, 44 App. D. C. 73.

"The term 'mercantile business' is defined to mean 'the buying and selling of articles of merchandise as an employment,' in Graham v. Hendricks, 22 La. Ann. 523.

"The term 'wholesale,' or the selling in or by unbroken parcels, is distinguished from 'retail,' or dividing into smaller quantities and selling direct to consumers, in Gorsuth v. Butterfield, 2 Wis. 237, and also in Kentucky Consumers Oil Co. v. Commonwealth, 192 Ky. 437, 233 S. W. 892, and in Great Atlantic & Pacific Tea Co. v. Cream of Wheat Co., 227 Fed. 46.

"A wholesale dealer is one whose business is the selling of goods in gross to retail dealers, and not by the small quantity or parcel to consumers thereof. State v. Lowenhaught, 79 Tenn. (11 Lea) 13; Webb v. State, 79 Tenn. (11 Lea) 662."

In Chicago v. Drogasawacz, 256 Ill. 35, a bakery has been held to be any place used for the purpose of mixing, compounding or baking for sale or for purposes of a restaurant, bakery or hotel, any bread, biscuit, pretzels, crackers, buns, rolls. macaroni, cake, pies or any food products of which flour or meal is a principal ingredient; therefore, applying the rules previously discussed in Veazey Drug Co. v. Bruza, supra, we think that it may be fairly said that the term "wholesale bakery" means a business or industry where food products composed principally of flour or meal are prepared and sold in gross to the retail dealer and vendor, and is embraced in the term "wholesale mercantile establishment," and is therefore included in the designated classes of industries and businesses which come within the meaning and operation of the Workmen's Compensation Law.

As said by Mr. Justice McNeill, speaking for this court in the case of Hardy Sanitarium v. Dehart, 164 Okla. 29, 22 P. (2d) 379:

"If the employment is not listed as hazardous under the provisions of section 7283, supra, it is then incumbent upon the employee to show from the facts and circumstances that the employment in which he was engaged at the time of the injury comes within the meaning and terms of the Workmen's Compensation Law.

"The filing of an agreed statement of facts in what is generally designated as a stipulation and receipt with the State Industrial Commission is not sufficient, in and of itself, when approved by the State Industrial Commission, to confer jurisdiction upon the commission to enter an award when such stipulation and agreement shows upon its face that the employment is not scheduled as hazardous under section 7283, supra. However, if an agreement of the facts has been entered into, and these facts are sufficient to establish that such employment comes within the scheduled list enumerated in section 7283, supra, or competent evidence has been received by the commission on this question, so that it may be determined as a question of fact that such employment is hazardous within the meaning of the Workmen's Compensation Law, then the commission has jurisdiction to proceed and enter a proper award. Otherwise, no jurisdiction attaches. Jurisdiction cannot be acquired by agreement, waiver, or conduct. Kindall v. McBirney (Idaho) 11 P. (2d) 370; Employers Liability Assur. Corp. v. Industrial Accident Comm., 187 Cal. 615, 203 P. 95; J. B. Herd Hardware Company v. Kirby, 160 Okla. 2, 15 P. (2d) 823; Tulsa Terminal Storage & Trans. Co. v. Thomas, 162 Okla. 5, 18 P. (2d) 891; Rorabaugh-Brown Dry Goods Co. v. Mathews, 162 Okla. 283, 20 P. (2d) 141."

In Rorabaugh-Brown Dry Goods Co. v. Mathews, supra, we pointed out:

"If the fact relative to the business is not admitted by the employer, then the employee must offer some competent evidence that his employment is in one of the businesses or industries in section 7283, or the facts must bring the branch or department of the business under said section.

"After the above-mentioned facts are admitted, or some competent evidence offered in regard to same, before an award is made, the agreed statement of facts, or the evidence offered at a hearing, as the case may be, must show the relation of employer and employee; that the accidental personal injury arose out of and in the course of the employment, and the nature and extent of the injury at the time the agreed statement of facts is filed or the hearing held. If the employer desires to contest any of the facts which the commission is authorized to presume exist after the claim is brought within the industries and business enterprises enumerated and designated in section 7283, supra, as amended, then the burden is upon the employer to offer substantial evidence to rebut the presumptions named in section 7295, supra. But where the Legislature has not placed the business industry or occupation under the act, and it is necessary for the facts to bring the same under the provisions of the act, then the burden is upon the employee to show by the agreed statement of facts, or prove by some competent evidence, that the branch or department of the business or industry in which he was injured is within the terms and provisions of the act. This is in

harmony with the former holdings of this court. We held in Hughes Motor Co. v. Thomas, 149 Okla. 16, 299 P. 177, that, under the claim presented, the notice given by the employer to the State Industrial Commission of the accidental personal injury and the agreed statement of facts that the employee brought himself under the act by showing that in the branch or department of the business where he was employed his employment brought him within the definition of an employee in a workshop defined in section 7284, C. O. S. 1921, as amended by section 2, c. 61, Session Laws 1923 (Stat. 1931, sec. 13350), and that after the Industrial Commission had made a finding of fact and there was some competent evidence to sustain the same, the branch or department of the business where the claimant was injured came within the definition of a workshop, and the findings of the Industrial Commission were not appealed from within 30 days, there being some competent evidence to support the same, it became final and conclusive and fixed the status of the claimant, and that the employer or insurance carrier would not be permitted to question the jurisdiction of the State Industrial Commission to award further compensation on the ground of a change in conditions. In the case of Skelly Oil Company v. Daniels, 154 Okla. 199, 7 P. (2d) 156, the business of the Skelly Oil Company comes under the terms and provisions of section 7283, as amended, supra. In Pinkston Hdw. Co. v. Hart, 159 Okla. 6, 12 P. (2d) 681, parties submitted the case to the Industrial Commission upon an agreed statement of facts and we held that under the claim filed by the employee for compensation and under the notice of the accident given by the employer to the commission, the doctor's report, and the agreed statement of facts, being considered together, that there was some competent evidence to sustain the award of the Industrial Commission and to show that the employment was in a branch of the business using power-driven machinery, and that the facts brought that branch of the business within the definition of a workshop."

So, in the case now under consideration, the petitioner having advised the commission that it was engaged in a business or industry designated as hazardous by the Workmen's Compensation Law, and that respondent had sustained an accidental injury in the course of his employment, and that his occupation was that of a janitor, was sufficient, in the absence of more, to establish prima facie jurisdiction of the State Industrial Commission and to invoke the presumptions provided under section 13361, O. S. 1931. See, also, Sterling Milk Products Co. v. Underwood, 167 Okla. 361, 29 P. (2d) 937.

Since the report by the petitioner was sufficient to show prima facie jurisdiction in the Industrial Commission, then, in order for the petitioner to overcome the same and the presumptions accruing by virtue of section 13361, supra, the burden was upon it to offer substantial evidence to the contrary when it urged its objections before the commission at the hearing had on September 6, 1932. The mere fact that in the notice to the commission the petitioner stated that respondent was engaged in janitor work was not sufficient to negative the previous admissions nor to disclose any inherent lack of jurisdiction on the part of the commission. The work of a janitor may or may not be compensable under the Workmen's Compensation Law of this state, depending altogether upon whether the particular janitor involved is employed in a hazardous business, and whether his work is connected with, or incident to, the industry or business in which he is so employed, and not upon the question of whether the work done was that purely incident to the services of a janitor. For a distinction in this connection see the cases Okmulgee Democrat Pub. Co. v. State Industrial Commission, 86 Okla. 62, 206 P. 249; Ferris v. Bonitz, 149 Okla. 129, 299 P. 473; Exchange Building Co. v. Wasson, 154 Okla. 193, 7 P. (2d) 460; Oklahoma Union Bus Terminal v. Stone, 162 Okla. 26, 18 P. (2d) 1057; and Terminal Building Co. v. Baker, 162 Okla. 106, 19 P. (2d) 368.

Having reached the conclusions above stated, it is apparent that the contention of the petitioner is contrary to prior holdings of this court, and that on the face of the record here presented, the State Industrial Commission had jurisdiction to enter the order concerning which petitioner complains, and, therefore, said order will be in all things sustained.

Order sustained.

McNEILL, C. J., OSBORN, V. C. J., and BUSBY, PHELPS, and CORN, JJ., concur.