### DEEP ROCK OIL CORPORATION v. MOORE et al.

No. 27205.    March 30, 1937.

Rainey, Flynn, Green & Anderson and M. M. Gibbens, for petitioner.

C. W. Schwoerke and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. On the 14th day of May, 1936, the State Industrial Commission entered its order for the claimant under the provisions of section 13351, O. S. 1931, declaring a primary liability in the Wilson Welding Works, Frank C. Wilson, owner, and the Deep Rock Oil Corporation, as secondarily liable under that section of the Workmen's Compensation Law. Respondent was employed by the Wilson Welding Works and was sent by it to the premises of the Deep Rock Oil Corporation to weld a tank. During the process of welding, the tank exploded, resulting in the injury for which the award is made.

It is first urged that Frank C. Wilson, doing business as Wilson Welding Works, was not within the terms of the Workmen's Compensation Law for the reason that the only other employee in addition to the respondent was a stepson whose only remuneration was board and lodging and expense money of approximately $1 per week. This was submitted as a question of fact to the State Industrial Commission, and we are of the opinion that the finding of the commission is supported by sufficient evidence under paragraph 8 of section 13350, O. S. 1931; Republic Supply Co. v. Davis, 159 Okla. 21, 14 P. (2d) 222; Roy Deaton Co. v. State Industrial Commission, 178 Okla. 536, 63 P. (2d) 742.

The second proposition is that respondent was engaged in hazardous employment

within the terms of the Compensation Law. We are convinced that the employment of the respondent was hazardous within the terms of the Workmen's Compensation Law, as machine shops where machinery is used is one of the classes covered specifically by the provisions of the Workmen's Compensation Law. In Gooldy v. Lawson, 155 Okla. 259, 9 P. (2d) 22, this court said:

" 'Where an injury to an employee arises out of and in the course of his employment, such injury comes within the provisions of the Workmen's Compensation Act, even though it may not have been sustained upon the employer's premises, if it occurred at some place where the employee was reasonably required to be in fulfilling the duties of his employment.' Ft. Smith Aircraft Co. v. State Industrial Commission, 151 Okla. 67, 1 P. (2d) 682."

It appears, therefore, that the respondent was engaged in manual and mechanical labor within the terms of the Workmen's Compensation Act, and the injury having arisen out of and in the course of his employment he was covered by the terms and provisions of the Workmen's Compensation Law.

The third objection is made to the finding of fact by the State Industrial Commission in its order in which it is stated that the respondent was in the employ of the Deep Rock Oil Corporation. The order is made in compliance with the terms of section 13351, supra, and we are of the opinion that the finding that the respondent was in the employ of the Deep Rock Oil Corporation is mere surplusage and does no damage in the order. The plain intent of said order was to find a secondary liability under the terms and provisions of section 13351, supra.

The award is affirmed.

OSBORN, C. J., and RILEY, PHELPS, CORN, and HURST, JJ., concur.