## CENTRAL SURETY & INS. CORPORATION et al. v. STATE INDUSTRIAL COMMISSION et al.

No. 27718. June 29, 1937.

384

Harper & Lee, for petitioners.

J. Harry Swan and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. This is an original proceeding in this court brought by the General Hotel Operating Company and its insurance carrier to obtain a review of an award made by the State Industrial Commission in favor of respondent A. D. Shirley. We will refer to the parties as petitioners and respondent except where more explicit designation is required.

General Hotel Operating Company was the owner and operator of the Parkinson Hotel in the city of Okmulgee. Respondent was engaged in painting a telephone booth room in said hotel when he fell from a ladder and was injured. Respondent in employee's first notice of injury and claim for compensation stated that his occupation was that of a maintenance man. The employer's first notice of injury stated that respondent's occupation was that of a houseman. At the hearing held by the commission the evidence revealed that respondent had no specific duties, but that he did most anything necessary to be done around the premises; that a part of his time he operated elevators, repaired furniture, fans, sharpened knives, operated the heating and refrigerating systems, did odd jobs of various kinds and stood ready to do and perform most any kind of work of a manual and mechanical nature that he should happen to be called upon to perform; that as a part of his duties he operated a workshop in the basement of the hotel in which there was certain power-driven machinery and which he used in the performance of some of his duties; that this shop was maintained and used exclusively in connection with repairs of the hotel equipment. The State Industrial Commission found that the work performed by the respondent constituted hazardous employment within the terms of the Workmen's Compensation Law and made an award in favor of respondent accordingly. Petitioners challenge the jurisdiction of the commission to act, and insist that the business of the employer was not one of those named by the statute, and that the facts do not bring it within the terms of a hazardous employment included in and governed by the provisions of the Workmen's Compensation Law. As heretofore stated in the case of Veazey Drug Co. v. Bruza, 169 Okla. 418, 37 P. (2d) 294:

"Section 13349, O. S. 1931, enumerates and designates the classes of industries and business enterprises which come within the meaning and operation of the Workmen's Compensation Law.

"The State Industrial Commission is without jurisdiction to make an award of compensation under the terms of the Workmen's Compensation Law of this state, except in cases wherein it is made to appear that the employer is engaged in one of the classes of industries, plants, factories, lines, occupations, or trades mentioned in said act."

See, also, Rorabaugh-Brown Dry Goods Co. v. Mathews, 162 Okla. 283, 20 P. (2d) 141; Spivey & McGill v. Nixon, 163 Okla. 278, 21 P. (2d) 1049; Missouri, K. & O. Coach Lines v. Anderson, 164 Okla. 141, 23 P. (2d) 202; City of Duncan v. Ray, 164 Okla. 205, 23 P. (2d) 694; Continental Baking Co. v. Campbell, 176 Okla. 218, 55 P. (2d) 114.

In the case at bar the business of the employer was the operation of a hotel. The hotel business, eo nomine, does not appear among the hazardous employments enumerated in section 13349, O. S. 1931. Respondent contends, however, that the facts bring the business within the statute and afford him the protection of the statute under the construction and application which has been given thereto by this court in the cases of Ft. Smith Aircraft Co. v. State

Industrial Commission, 151 Okla. 67, 1 P. (2d) 682; Lee Way Stage Lines v. Simmons, 166 Okla. 203, 26 P. (2d) 905; Harbour-Longmire-Pace Co. v. State Industrial Comm., 147 Okla. 207, 296 P. 456; Deep Rock Oil Corp. v. Moore, 179 Okla. 488, 66 P. (2d) 910. The cited cases support the rule that where an employer maintains a workshop as defined by section 13350, O. S. 1931, an employee in such workshop, when injured in the performance of duties connected with or incident to such employment, is within the protection of the Workmen's Compensation Law, whether the work being done is on the immediate premises or not. Further than this the cited cases do not go. The statutory definition of a workshop is contained in subdivision 11, of section 13350, O. S. 1931, and reads as follows:

" 'Workshop' means any premises, yard, plant, room or place wherein power-driven machinery is employed and manual or mechanical labor is exercised by way of trade for gain or otherwise or incidental to the process of making, altering, repairing, printing or ornamenting, cleaning, finishing, or adopting for sale or otherwise, any article, or part of article, machine or thing over which premises, room or place the employer of the person working therein has the right of access or control."

The workshop here involved is not such workshop as is defined in the foregoing section of the statute. It was not conducted for trade or gain, but merely for convenience and as an incidental part of the business of operating a hotel. As such it constituted a part of the equipment of the hotel. In the case of Caledonian R. Co. v. Peterson, 1 Sc. Sess. Cas. 5th Ser. 26, 36, Scot. L. R. 60, 6 Scot. L. T. 194, 2 Adams 620, a laundry which was a part of the equipment of a hotel and in which there was laundered the hotel linen, the clothing of the employees, as a part of their compensation, and also such clothing as guests might desire which was paid for by the guests, was held not to be operated for the purpose of gain; and we find that in Bolt v. Heywood, 114 L. T. Jo. (Eng.) 294, 5 W. C. C. 151, it was held that a shed attached to a hotel stable and in which was a chaff cutter for cutting feed for the owner's and travelers' horses was not a factory, since the work was not carried on for direct gain. In the operation of a modern hotel many mechanical devices are employed and considerable machinery is essential, and the same employee is frequently required to perform different types of labor and service, some of which if performed under different circumstances would be readily classified as hazardous under the provisions of the Workmen's Compensation Law, but which when performed in connection with the business of the hotel are merely incidental to such business. The Legislature has not seen fit, however, to include such business among the employments covered by the Workmen's Compensation Law, and this court cannot do so without resorting to judicial legislation. Since the employment out of which the respondent's injury arose was not an industry, line, or business named by the statute, and the facts fail to show that the employment was in fact a hazardous one included within the lines, industries, plants or businesses named in the statute, the State Industrial Commission was wholly without jurisdiction to make any order or award in this case. In view of this situation, the award is vacated and the State Industrial Commission is directed to dismiss the claim for want of jurisdiction.

Award vacated, with directions.

OSBORN, C. J., BAYLESS, V. C. J., and CORN, GIBSON, and HURST, JJ., concur.